336 So.2d 1253 (1976)
Verle Vernelle PATRICK, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. CC-396.
District Court of Appeal of Florida, First District.
September 17, 1976.
*1254 Richard W. Ervin, III, Public Defender and Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Richard W. Prospect, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Patrick appeals from a judgment and sentence based on an order finding him in violation of his probation and modifying the period of probation.
Patrick contends that the trial court did not have authority, without notice and hearing to him, to find him in violation of his probation and did not have authority to modify the period. The State contends that the court had authority to extend the period and that the extension was actually a modification of the terms and conditions. We agree with Patrick and reverse.
Following a plea of guilty to the crime of carrying a concealed firearm, the court withheld adjudication of guilt, and on 8 June 1973 placed Patrick on probation for two years. On 3 June 1975, without notice or hearing, the court determined that Patrick had violated the conditions of his probation and extended the period of his probation for one year on authority of Section 948.03, Florida Statutes (1975).
On 24 May 1976, an affidavit was filed charging Patrick with violation of his probation. Patrick's lawyer moved to dismiss the affidavit on the ground that the court lacked jurisdiction to revoke his probation because it did not have authority to enter the order of 3 June 1975 finding Patrick in violation of his probation and extending the period by one year. The court denied the motion, revoked the probation, adjudged Patrick guilty and sentenced him to prison.
Section 948.03, Florida Statutes (1975), does not authorize the extension of the period of probation. It merely sets forth eight specific terms and conditions of probation which the court may include in its order of probation, and authorizes the court to modify the terms and conditions at any time within the probation period.
Although Section 948.04, Florida Statutes (1973), authorized the court to extend the period of probation, this provision was deleted by the 1974 legislature.
Section 948.06, Florida Statutes (1975), is the only authority for extension of the period of probation. This statute provides that a period of probation may be continued but only after notice and hearing to the defendant and a finding that the defendant violated his probation.
Because the court failed to give notice or a hearing to Patrick on the State's charge of violation of probation, the court had no authority to find that he violated the terms and conditions of his probation nor did the court have authority to extend or continue the period of probation. Section 948.06, Florida Statutes (1975). The court had no authority to enter its order of 3 June 1975, therefore, Patrick's probation expired on 8 June 1975.
Accordingly, the judgment and sentence of 28 June 1975 are reversed and this case is remanded with instructions to vacate the judgment and sentence and discharge the defendant.
BOYER, C.J., and McCORD, J., concur.