391 So.2d 806 (1980)
Gayle A. GURGANUS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-502.
District Court of Appeal of Florida, Fifth District.
December 31, 1980.
*807 John C. Englehardt of Butler, Englehardt & McDonald, P.A., Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from an order revoking probation. On April 10, 1978, appellant was placed on probation for one year. On April 9, 1979, the term of the probation was extended six months without a hearing and only because the probation officer said she talked to the appellant and it was agreed the probation could be extended in lieu of a hearing on alleged violations. It is not for a probation supervisor to make agreements with probationers about the length of the term of probation. In fact, even a judge cannot extend the probationary term without a hearing, with due process, and having the accused violator before the court. Sec. 948.06, Fla. Stat. (1979); Patrick v. State, 336 So.2d 1253 (Fla. 1st DCA 1976). Appellee's argument that appellant waived the notice and hearing is without merit. There is no showing that there was a knowing, intelligent and voluntary waiver, properly made and before the court. In fact, there is a good possibility the appellant had a valid legal defense to the first allegation of violation. Holt v. State, 385 So.2d 1133 (Fla. 5th DCA 1980); Baran v. State, 381 So.2d 323 (Fla. 5th DCA 1980); Freiberger v. State, 343 So.2d 57 (Fla. 4th DCA 1977). This defense was from the testimony of the probation supervisor who said the appellant failed to make some required payments because she was out of work.
The court lacked jurisdiction to revoke the putative probation because the attempted extension was invalid. Thus the order revoking probation is reversed and the appellant is ordered discharged.
REVERSED.
ORFINGER and COBB, JJ., concur.