516 So.2d 331 (1987)
Charles Raymond CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. BS-133.
District Court of Appeal of Florida, First District.
December 9, 1987.
Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Carter appeals an order revoking his probation and sentencing him to two years imprisonment. We reverse.
Carter was placed on probation July 20, 1982. On July 10, 1984, nine days before *332 his probation would have terminated, Carter agreed with his probation officer to extend his probationary term for one additional year. On July 20, 1984 a court order was entered accordingly. In April 1985 an affidavit of violation of probation was filed and following a hearing in January 1987 Carter was found to have violated his probation. The probation was revoked and a two year sentence imposed.
Carter argues the court had no jurisdiction to revoke his probation by virtue of the fact that his probation terminated in July 1984 and that his purported agreement to extend it is a nullity. We agree. Section 948.06, Fla. Stat. provides the sole means by which a probationary term may be modified. Patrick v. State, 336 So.2d 1253 (Fla. 1st DCA 1976). A probationer cannot agree with his probation officer to an extension of probation in lieu of compliance with the procedures set forth in § 948.06. Gurganus v. State, 391 So.2d 806 (Fla. 5th DCA 1980). Therefore Carter's probation terminated in July 1984, and the court was without jurisdiction to consider any violation purportedly occurring at any point thereafter. The order revoking probation is reversed and Carter is ordered discharged as to circuit court case numbers 82-1461 and 82-1462.
REVERSED.
BOOTH, THOMPSON and WIGGINTON, JJ., concur.