## STATE OF FLORIDA v RIDDLE

Case No. 87-21

County Court, Osceola County

March 31, 1988

### APPEARANCES OF COUNSEL

Office of State Attorney for plaintiff.

**Steven Jablon** for defendant.

### OPINION OF THE COURT

RONALD A. LEGENDRE, County Judge.

THIS CAUSE having come before the Court on the 12th day of February, 1988, on Defendant's Motion to Dismiss the above-captioned information, and after hearing the arguments of counsel and being fully advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

### *FINDINGS OF FACT*

1. This Court finds that the following facts are true for the purposes of determining this Motion to Dismiss.

a) That on December 8, 1986, the Defendant was charged with the offense of criminal mischief.

b) That on January 5, 1987, the state filed the above-captioned information against the Defendant.

c) That on February 10, 1987, the Defendant executed a pretrial intervention agreement in which he agreed to be placed within the county's pretrial intervention program for a period of three months. That on May 8, 1987, the defendant's pretrial intervention program counselor extended the defendant's pretrial intervention agreement for one month. There is nothing in the defendant's pretrial intervention program file or in Court documents to reflect that the Defendant was contacted prior to the extension or had agreed to the extension.

d) That on June 2, 1987, the Defendant's pretrial intervention counselor executed and issued a pretrial intervention rejection. This rejection eventually led to a capias being issued for the defendant's arrest and the continued prosecution of the above-captioned charge. This rejection was after the extended period of time had elapsed.

## OPINION

The Defendant argues that the period of his pretrial intervention program was illegally extended without notice to him or Court Order. In addition, the Defendant argues that since the period of his pretrial intervention program had expired prior to a capias being issued for his arrest, that the Court had no authority or jurisdiction to proceed with this cause of action. The Defendant cites *Carter v. State,* 12 FLW 2820 (Fla. 1DCA, Dec. 9, 1987); and *Gurganus v. State,* 391 So.2d 807 (Fla. 5DCA 1980) to support these arguments. Although both cases very clearly indicate that a Defendant's probationary period cannot be extended by a probation officer without affording a Defendant a right to a hearing before the Court for such an extension, and that therefore such an extension is a nullity, this Court distinguishes between pretrial intervention agreements and Court ordered probation. A pretrial intervention agreement is a contract between the Defendant and the Office of the State Attorney which the Court approves, wherein the Defendant agrees to perform certain conditions within a set period of time. The Office of the State Attorney agrees after those conditions have been performed and after the period of the agreement has expired to drop all charges against the Defendant. This is tantamount to a contract that requires that general principles of contract to be applied. Since the Defendant had breached one or more of the conditions of his pretrial intervention agreement prior to its expiration, it becomes

irrelevant whether his pretrial intervention counselor had the authority to extend that agreement.

This Court is therefore not bound by the *Carter* and *Gurganus* decisions which deal with Court imposed probation. Therefore, the Defendant's Motion to Dismiss is DENIED.

DONE AND ORDERED in Chambers at Kissimmee, Osceola County Courthouse, Kissimmee, Florida, this 31st day of March, 1988.