553 So.2d 1340 (1989)
Resverd FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 89-857.
District Court of Appeal of Florida, First District.
December 19, 1989.
Brian Morrissey, Asst. Public Defender, Fernandina Beach, for appellant.
Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Resverd Ford appeals a revocation of his probation, which followed a modified term of community control; the adjudication of guilt on two counts of burglary, and the sentence imposed thereon. He contends the trial court erred in modifying and enhancing the conditions of his original community control based solely on a written agreement between him and his probation officer in lieu of complying with § 948.06, Fla. Stat. We agree and reverse.
*1341 The facts and issues in this case are the same or very similar to the facts and issues in the case of Holcombe v. State, 553 So.2d 1337 (Fla. 1st DCA 1989), which was decided this same date, except Ford did not admit he violated his community control. For the reasons stated in Holcombe, the modified order of community control, the order revoking probation, the adjudication of guilt, and the sentence imposed are vacated and the cause is remanded for further proceedings consistent with this opinion.
For the reasons stated in Holcombe we certify as a question of great public importance the following:
DOES § 948.06, FLA. STAT., PROVIDE THE SOLE MEANS BY WHICH A PROBATIONARY OR COMMUNITY CONTROL TERM MAY BE MODIFIED? IF NOT, MAY THE COURT ENTER AN ORDER MODIFYING PROBATION OR COMMUNITY CONTROL BY IMPOSING ADDITIONAL TERMS OR CONDITIONS BASED SOLELY ON A WRITTEN AGREEMENT AND WAIVER BY THE PROBATIONER MADE OUT OF COURT, WITHOUT HEARING, APPEARANCE OF THE PROBATIONER BEFORE THE COURT, AND PRESENCE OF COUNSEL?
SMITH and MINER, JJ., concur.