553 So.2d 1337 (1989)
David Wayne HOLCOMBE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-459.
District Court of Appeal of Florida, First District.
December 19, 1989.
*1338 Louis O. Frost, Jr., Public Defender and William M. Kent, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
David Wayne Holcombe appeals a revocation of probation order which found that he violated the terms and conditions of his modified probation. He contends that the trial court erred in enhancing the conditions of his original probation and modifying its terms based on an agreement between the probationer and his probation officer in lieu of compliance with § 948.06, Fla. Stat. He further argues the trial court erred in modifying the terms and conditions of probation based on an admission of violation of probation at a time in which he was denied the right to counsel. We agree and reverse.
Holcombe was charged with one count of grand larceny by unauthorized use of a credit card and one count of fraudulent use of a credit card. He negotiated a guilty plea to fraudulent use of a credit card, wherein adjudication of guilt would be withheld, and he would be placed on probation for two years and directed to pay $600 in restitution and $200 in court costs. The court subsequently entered its order placing him on probation on the negotiated terms, without any hearing or appearance of Holcombe before the court.
While still on probation Holcombe, without counsel, signed an "Acknowledgment and Waiver" form in which he admitted that he had violated his probation, waived his right to any notice of hearing, and agreed that he would obtain a mental health evaluation and follow through with any treatment deemed necessary as directed by his probation officer. Based on this written agreement and waiver, the trial court entered an order of modification of probation ordering the mental health evaluation and treatment, again without hearing or presence of Holcombe.
Several weeks later Holcombe signed another "Acknowledgment and Waiver" form in which he admitted that he had violated his probation, waived his right to any notice of hearing, and agreed that he would enter and successfully complete the Probation Restitution Center program. Holcombe agreed to the modification and entered the restitution center. The court again, relying solely on the "Acknowledgment and Waiver" form modified the terms of his probation order and enhanced the conditions of his probation by ordering him to enter and complete the restitution program. Holcombe partially complied with the condition as he remained in the center a total of 13 days, one week of which was spent after the modified order was rendered.
Thereafter, an affidavit alleging that Holcombe had violated the terms of his modified probation was filed by the Florida Department of Corrections. The affidavit provided that Holcombe left the center without permission, owing $18.00 for room *1339 and board. Shortly thereafter Holcombe was arrested on a warrant for violation of probation. At the violation of probation hearing Holcombe moved to discharge the affidavit asserting that the court lacked jurisdiction to modify the probation. The probation officer testified that Holcombe entered the restitution center on August 26, 1988, and worked from August 29 to September 7, 1988, when he went to a job interview and never returned to the center. Holcombe's original probation officer testified that his probation was modified because he had not made any restitution payments and was not working. Instead of doing a violation of probation report at the time, she decided to try the restitution center and Holcombe agreed.
The court denied Holcombe's motion and found that he violated the terms and conditions of his modified probation. The court terminated the probation, adjudicated him guilty of fraudulent use of a credit card and sentenced him to 18 months in the Florida Department of Corrections. On February 14, 1989, Holcombe filed a motion to vacate, challenging the order as double jeopardy, violation of right to counsel, and violation of due process. After a hearing, the court denied the motion and this appeal followed.
Holcombe argues the trial court erred in enhancing the conditions of his original probation without complying with § 948.06, Fla. Stat. The state contends the trial court did not err in failing to strictly follow the statutory procedure when it modified and enhanced Holcombe's original probation order because he admitted in writing that he violated his probation, waived his right to notice and hearing on the violation, and agreed to the modification and enhancement of the probation order. Section 948.06(1) provides in pertinent part:
(1) Whenever within the period of probation or community control there is reasonable ground to believe that a probationer or offender in community control has violated his probation or community control in a material respect, any parole or probation supervisor may arrest such probationer or offender without warrant wherever found and shall forthwith return him to the court granting such probation or community control. Any committing magistrate may issue a warrant, upon the facts being made known to him by affidavit of one having knowledge of such facts, for the arrest of the probationer or offender, returnable forthwith before the court granting such probation or community control... . The court, upon the probationer or offender being brought before it, shall advise him of such charge of violation and, if such charge is admitted to be true, may forthwith revoke, modify, or continue the probation or community control or place the probationer into a community control program.... If such violation of probation or community control is not admitted by the probationer or offender, the court may commit him or release him with or without bail to await further hearing, or it may dismiss the charge of probation or community control violation. If such charge is not at that time admitted by the probationer or offender and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer or offender an opportunity to be fully heard on his behalf in person or by counsel. After such hearing, the court may revoke, modify, or continue the probation or community control or place the probationer into community control... .
In Carter v. State, 516 So.2d 331, 332 (Fla. 1st DCA 1987) this court held:
Section 948.06, Fla. Stat., provides the sole means by which a probationary term may be modified... . A probationer cannot agree with his probation officer to an extension in lieu of compliance with the procedures set forth in § 948.06.
(Citations omitted). In Gurganus v. State, 391 So.2d 806, 807 (Fla. 5th DCA 1980), it was held:
It is not for a probation supervisor to make agreements with probationers about the length of the term of probation... . *1340 even a judge cannot extend the probationary term without a hearing, with due process, and having the accused violator before the court.
In Patrick v. State, 336 So.2d 1253, 1254 (Fla. 1st DCA 1976), this court held:
Section 948.06, Florida Statutes ... is the only authority for the extension of probation. This statute provides a period of probation may be continued but only after notice and hearing to the defendant and a finding that he violated his probation.
Therefore, before probation or community control can be extended a violation of probation must be formally charged, and the probationer must be brought before the court and advised of the charge. The probationer can admit the violation, thereby waiving further hearing. At this point the court may modify, revoke, or continue the probation or community control. But absent proof of, or an admission of, a violation, the court cannot order modification even if the probationer has entered into a written agreement with his probation officer admitting violation of probation and waiving notice and hearing. The order of modified probation, the order of revocation of probation and the sentence are vacated and this case is remanded for further proceedings consistent with this opinion.
We have before us at least one other case, Ford v. State, 553 So.2d 1340 (Fla. 1st DCA 1989), involving the same issue, indicating that some probation officers are making a practice of using the same or similar written agreements to modify probation or community control and to waive notice of hearing. In order to conserve judicial time on both the trial and appellate level, we certify to the supreme court, as a question of great public importance, the following:
DOES § 948.06, FLA. STAT., PROVIDE THE SOLE MEANS BY WHICH A PROBATIONARY OR COMMUNITY CONTROL TERM MAY BE MODIFIED? IF NOT, MAY THE COURT ENTER AN ORDER MODIFYING PROBATION OR COMMUNITY CONTROL BY IMPOSING ADDITIONAL TERMS OR CONDITIONS BASED SOLELY ON A WRITTEN AGREEMENT AND WAIVER BY THE PROBATIONER MADE OUT OF COURT, WITHOUT HEARING, APPEARANCE OF THE PROBATIONER BEFORE THE COURT, AND PRESENCE OF COUNSEL?
SMITH and MINER, JJ., concur.