PER CURIAM.
This cause is before us on appeal from a trial court’s order denying a motion to dismiss an affidavit of violation of community control/probation. On appeal, appellant contends: (1) that the court erred in modifying his community control/probation based solely on an “Acknowledgment and Waiver” form in lieu of compliance with Section 948.06 Florida Statutes; (2) that the court erred in denying appellant’s motion to dismiss because he was denied his right to counsel at the time of admission; and (3) that the court erred in failing to dismiss where the sole violation was alleged to have occurred prior to the entry of the purported modification order.
The facts and issues in this case are the same or similar to those in the cases of Holcombe v. State, 553 So.2d 1337 (Fla. 1st DCA 1989), and Ford v. State, 553 So.2d 1340 (Fla. 1st DCA 1989). In the instant case, appellant was placed on community control/probation for the sale, purchase or delivery of cocaine. Appellant signed an acknowledgment and waiver form in which he admitted a violation of community control, waived his right to notice, and agreed to modification of his community control/probation. The “Acknowledgement and Waiver” expressly provided for appellant to enter an inpatient drug rehabilitation program on December 6, 1988 and to successfully complete the program. Appellant entered the program on December 6, 1988; however, he left the program without successfully completing it prior to the court’s order of modification of probation. For the reasons stated in Holcombe, the modified order of community control/probation and the denial of the motion to dismiss are vacated, and the cause is remanded for further proceedings consistent with this opinion.
For the reasons stated in Holcombe, we certify as a question of great public importance the following:
DOES SECTION 948.06 FLORIDA STATUTES, PROVIDE THE SOLE MEANS BY WHICH A PROBATIONARY OR COMMUNITY CONTROL TERM MAY BE MODIFIED? IF NOT, MAY THE COURT ENTER AN ORDER MODIFYING PROBATIONER COMMUNITY CONTROL BY IMPOSING ADDITIONAL TERMS OR CONDITIONS BASED SOLELY ON A WRITTEN AGREEMENT AND WAIVER BY THE PROBATIONER MADE OUT OF COURT, WITHOUT A HEARING, APPEARANCE OF THE PROBATIONER BEFORE THE COURT, AND PRESENCE OF COUNSEL?
BOOTH, THOMPSON and NIMMONS, JJ., concur.