559 So.2d 411 (1990)
Renee MARSH, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02124.
District Court of Appeal of Florida, Second District.
April 11, 1990.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Renee Marsh appeals from an order revoking her probation and sentencing her to six months' community control followed by one year's probation. We reverse.
Appellant was placed on two years' probation on November 27, 1985, for three counts of grand theft and one count of obtaining property in return for a worthless check. On November 23, 1987, four days before her probation would have terminated, Appellant agreed with her probation officer to a one-year extension in lieu of being charged with a violation, and the court entered an order to that effect on November 23, 1987. Appellant agreed to the modification without a hearing or advice of counsel.
On March 18, 1988, Appellant's probation officer filed an affidavit alleging violations of three conditions of probation which occurred after expiration of the original probationary term. The trial court revoked probation, adjudicated Appellant guilty of the original offenses, and imposed six months' community control followed by one year's probation.
*412 Appellant argues that the court had no jurisdiction to revoke her probation by virtue of the fact that her probation expired on November 27, 1987, and her agreement to extend it is a nullity. We agree. Section 948.06, Florida Statutes (1987), provides the sole means by which a probationary term may be extended and a probationer and his probation officer cannot make a valid agreement to extend probation in lieu of compliance with the statutory procedures. Carter v. State, 516 So.2d 331 (Fla. 1st DCA 1987). Appellant's probation terminated on November 27, 1987. The court was therefore without jurisdiction to consider any violation which occurred after that date.
The order revoking probation is reversed and Appellant is ordered discharged as to circuit court case numbers 85-991CFAES; 85-1684CFAES; 85-1685CFAES; and 85-1686CFAES.
Reversed.
RYDER, A.C.J., and DANAHY, J., concur.