SCHEB, Acting Chief Judge.
This appeal addresses whether a trial court can modify community control conditions based on an offender’s out-of-court written agreement and waiver without first conducting a hearing with the defendant present pursuant to section 948.06, Florida Statutes (1987).
On November 10, 1986, the defendant pled nolo contendere to attempted arson and was placed on two years community control. Two days later, he signed a waiver of rights and motion to modify community control. The waiver form advised him that he had the right to counsel and to a hearing before the court. In signing the form, the defendant waived these rights and requested that his community control be modified to add a condition to require him to enter and complete a program at' the Lakeland Probation and Restitution Center. Later that day, the trial judge entered an order of modification adding the requested condition. On March 26, 1987, the defendant was found in violation of the additional condition. The court revoked his community control and sentenced him to three years in prison.
The defendant contends that his community control was improperly revoked as it was based on his violation of an illegally-imposed modification. We disagree.
We distinguish the instant case from Marsh v. State, 559 So.2d 411 (Fla. 2d DCA 1990), in which this court reversed an order revoking probation where the probationer had agreed to an extension of her probationary period. This court in Marsh agreed with the First District’s opinion in Carter v. State, 516 So.2d 331 (Fla. 1st DCA 1987), that the procedure set forth in section 948.-06 is the sole means by which a probation-, ary term may be extended. See also, Gurganus v. State, 391 So.2d 806 (Fla. 5th DCA 1980); Patrick v. State, 336 So.2d 1253 (Fla. 1st DCA 1976).
Here, however, the defendant’s community control was not extended, but merely modified to include a condition that he enter and complete a program at a probation and restitution center. No one suggests the additional condition was inappropriate. Rather, the defendant contends that his community control was improperly modified because section 948.06 mandates a judicial proceeding. We think, however, that where, as here, a voluntary modification occurs before the filing of any affidavit of violation, section 948.06 does not come into play.[1] Thus, a reappearance in court by an offender who has executed a waiver and motion for voluntary modification is not required.
*1274 We are mindful of the existence of Holcombe v. State, 553 So.2d 1337 (Fla. 1st DCA 1989), and its companion case, Ford v. State, 553 So.2d 1340 (Fla. 1st DCA 1989). In Holcombe, the court vacated a defendant’s order of modified probation, order of revocation of probation, and sentence. There, the court accepted the defendant’s argument that the trial court erred in enhancing the conditions of his probation by ordering him to enter and complete a residential program without him appearing before the court. We note that the authorities cited in Holcombe concern extensions rather than modifications.[2] To the extent Holcombe requires a hearing for an offender who has not been charged with violating probation or community control but who has executed a waiver and motion to modify community control, we disagree.
Accordingly, we affirm the revocation of the defendant’s community control and the sentence imposed thereafter.
HALL and PARKER, JJ., concur.

. The procedures detailed in section 948.06 have limited application. The section is predicated on the occurrence that during "the period of probation or community control there is reasonable ground to believe a probationer or offender in community control has violated his probation or community control in a material respect." § 948.06(1), Fla.Stat. (1987).

. Holcombe cites Carter, Gurganus, and Patrick, supra. All three cases hold that section 948.06 requires a hearing when a probation or community control period is being extended regardless of the offender’s consent. They do not address whether a hearing is required when conditions are changed as opposed to the probation period being extended in length.