579 So.2d 109 (1991)
Raymond Eugene CLARK, Petitioner,
v.
STATE of Florida, Respondent.
No. 76006.
Supreme Court of Florida.
May 2, 1991.
James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen. and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for respondent.
GRIMES, Justice.
We review Clark v. State, 559 So.2d 1272 (Fla. 2d DCA 1990), for conflict with Holcombe v. State, 553 So.2d 1337 (Fla. 1st DCA 1989), and Ford v. State, 553 So.2d 1340 (Fla. 1st DCA 1989). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Clark pled nolo contendere to attempted arson and was placed on two years' community control with adjudication withheld. Two days later Clark signed a "Waiver of Rights and Motion to Modify Community Control," requesting the court to modify his community control to require him to enter and satisfactorily complete a program at the Lakeland Probation and Restitution Center (PRC). The waiver and motion form stated that the defendant waived the right to assistance of counsel and to a hearing on the modification. The court modified Clark's community control as requested without a hearing. Approximately two months later, Clark's community control officer filed an affidavit alleging that Clark violated his community control by terminating his residence at the PRC without permission and by failing to remain at the PRC as required. After a probation revocation hearing, the court found Clark in violation as alleged, revoked his community control, adjudicated him guilty of attempted *110 arson, and sentenced him to three years' imprisonment.
On appeal, the district court rejected Clark's claim that the modification was illegal because the trial court added a more onerous condition to his community control without a hearing. The district court concluded that there is no requirement of a judicial proceeding where voluntary modification occurs before the filing of an affidavit pursuant to section 948.06, Florida Statutes (1987), alleging a violation of probation or community control.[1]
In Holcombe v. State, 553 So.2d 1337, Holcombe signed two "Acknowledgment and Waiver" forms while on probation, admitting that he had violated his probation on two occasions. By signing the forms, Holcombe waived his right to notice and hearing and agreed to modification of his probation. The trial court twice modified Holcombe's probation without a hearing, first to require him to obtain a mental health evaluation and treatment and later to require him to enter and complete a PRC program. Thereafter, the Department of Corrections filed an affidavit alleging that Holcombe violated the terms of his probation by leaving the PRC without permission. The court terminated his probation and sentenced him to eighteen months' imprisonment.
The district court of appeal reversed, accepting Holcombe's argument that the trial court erred in enhancing the conditions of his original probation without complying with section 948.06. The court relied on cases holding that a probationer cannot agree with his probation officer to an extension of probation in lieu of compliance with the procedures of section 948.06. Carter v. State, 516 So.2d 331 (Fla. 1st DCA 1987); Gurganus v. State, 391 So.2d 806 (Fla. 5th DCA 1980); Patrick v. State, 336 So.2d 1253 (Fla. 1st DCA 1976).[2]
The trial court erred in this case by enhancing the terms of Clark's community control without notice and hearing. Section 948.06, Florida Statutes (1987), provides the sole means by which the court may place additional terms on a previously entered order of probation or community control.[3] Before probation or community control may be enhanced, either by extension of the period or by addition of terms, a violation of probation or community control must be formally charged and the probationer *111 must be brought before the court and advised of the charge following the procedures of section 948.06. Absent proof of a violation, the court cannot change an order of probation or community control by enhancing the terms thereof, even if the defendant has agreed in writing with his probation officer to allow such a modification and has waived notice and hearing.
Accordingly, we quash the decision of the district court below. We remand for further proceedings consistent with this opinion and with instructions that the order of modified community control, the order revoking community control, the adjudication of guilt, and the sentence of imprisonment be vacated.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, KOGAN and HARDING, JJ., concur.
McDONALD, J., dissents: "I would approve the decision under review."
NOTES
[1] Section 948.06(1), Florida Statutes (1987), provides:

(1) Whenever within the period of probation or community control there is reasonable ground to believe that a probationer or offender in community control has violated his probation or community control in a material respect, any parole or probation supervisor may arrest such probationer or offender without warrant... . Any committing magistrate may issue a warrant, upon the facts being made known to him by affidavit of one having knowledge of such facts, for the arrest of the probationer or offender, returnable forthwith before the court granting such probation or commuity control... . The court, upon the probationer or offender being brought before it, shall advise him of such charge of violation and, if such charge is admitted to be true, may forthwith revoke, modify, or continue the probation or community control or place the probationer into a community control program.... If such violation of probation or community control is not admitted by the probationer or offender, the court may commit him or release him with or without bail to await further hearing, or it may dismiss the charge of probation or community control violation. If such charge is not at that time admitted by the probationer or offender and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer or offender an opportunity to be fully heard on his behalf in person or by counsel. After such hearing, the court may revoke, modify, or continue the probation or community control or place the probationer into community control.
[2] The facts in Ford v. State, 553 So.2d 1340 (Fla. 1st DCA 1989), are the same or very similar to those in Holcombe v. State, 553 So.2d 1337 (Fla. 1st DCA 1989), except that Ford did not admit a violation of community control. As in Holcombe, the district court reversed the order modifying community control and the order revoking probation. Ford, 553 So.2d at 1341.
[3] We recognize that section 948.03(7), Florida Statutes (1987), permits the court to "rescind or modify at any time the terms and conditions theretofore imposed by it upon the probationer or offender in community control." However, that statute is not applicable here because the court did not modify a term or condition previously imposed. Rather, it added an entirely new condition to the order of community control.