583 So.2d 374 (1991)
STATE of Florida, Appellant,
v.
Steven SCHAFER, Appellee.
No. 90-2586.
District Court of Appeal of Florida, Fourth District.
July 10, 1991.
Rehearing and Clarification Denied July 25, 1991.
*375 Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Oroso, Asst. Atty. Gen., West Palm Beach, for appellant.
Irene Lapidus, Fort Lauderdale, for appellee.
PER CURIAM.
The state appeals from an order granting appellee's motion to suppress. We affirm.
On December 1, 1987, appellee was placed on six months probation for driving under the influence. On May 3, 1988, without advice of counsel, he signed a request for extension of probation which extended his probationary period by two months to July 31, 1988, so that he could complete the Court Alcohol Substance Abuse Program (CASAP). The request for extension of probation provides that he is giving up the right to a hearing.
On May 11, 1988, the trial court entered an order, modifying appellee's probation as outlined in his May 3, 1988, request for extension of probation. The modification order provides that his probation is extended two months to commence June 1, 1988, and to terminate July 31, 1988 in order for appellee to complete CASAP.
On July 13, 1988, a probation officer filed an affidavit of violation of probation. The affidavit provides that appellee failed to complete CASAP and fifty hours of community service. On July 30, 1988, the trial court issued a warrant for his arrest.
On November 10, 1989, appellee was involved in an automobile accident and was taken to Imperial Point Hospital. At that time, Officer Thomas Dickson of the Fort Lauderdale Police Department received information from the Pompano Police Department that there was an outstanding warrant for appellee's arrest. Officer Dickson confirmed the existence of the warrant and arrested appellee at the hospital. During the booking process at the Fort Lauderdale City Jail, Detention Officer Robert Urow searched appellee and found two plastic bags of white powder in his left front pants pocket. A field test revealed that the powder in both bags was cocaine. This result was confirmed by the Broward Sheriff's Office Crime Lab. Appellee was charged with possession of cocaine by information filed on November 30, 1989.
When appellee appeared before the trial court on the warrant for violation of probation, the trial court found that he had in fact completed CASAP and community service which was required under the order of probation. It dismissed the warrant and terminated the probation because he had complied with the conditions of probation.
Appellee then filed a motion to suppress the cocaine, alleging that it was obtained as a result of an illegal search because the arrest was based on a void warrant.
The trial court granted appellee's motion to suppress, and found that appellee's probation was illegally extended because the extension was conducted without a court hearing and without representation by counsel. Additionally, the trial court found that the warrant which was issued during appellee's illegally extended period of probation was void and could not be the basis for a legal arrest and search. The state then filed the instant appeal. We approve and adopt the trial court's order which provided in part:
2. That Defendant's agreement to extend probation, made without a hearing or advice of counsel is a nullity, Marsh v. State, [559 So.2d 411 (Fla. 2d DCA 1990)]; Dover v. State, [558 So.2d 101 (Fla. 1st DCA 1990)]; Clark v. State, [559 So.2d 1272 (Fla. 2d DCA 1990)].
3. That the officer relied solely on the information that there was an outstanding *376 warrant; however, a void warrant may not be the basis for a legal arrest and search. State v. Gifford, [558 So.2d 444 (Fla. 4th DCA 1990)]; Martin v. State, 424 So.2d 994 (Fla. 2d DCA 1983); Pesci v. State, 420 So.2d 380 (Fla. 3d DCA 1982).
4. That F.S. 948.06 authorizes modification of terms and conditions within the probationary period, but does not authorize extension of the period. Patrick v. State, 336 So.2d 1253 (Fla. 1st DCA 1976).
5. That the Defendant cannot confer jurisdiction on the trial court by waiver, acquiescence, estoppel or consent. White v. State, 404 So.2d 804 (Fla. [2d DCA] 1981).
6. That the contraband seized pursuant to this unlawful arrest should be suppressed as "fruit of the poisonous tree". Wong Sun v. United States, 371 U.S. 407 [471], 488, 83 S.Ct. 407, 417-18, 9 L.Ed.2d 441 (1963).
GLICKSTEIN, C.J., and DOWNEY and FARMER, JJ., concur.