WENTWORTH, Senior Judge.
Clinton Bennett appeals a revocation of probation order which found that he violated the terms of his modified probation. We reverse.
Bennett was placed on probation March 31, 1989, and on March 22, 1990, the circuit court entered an order of modification purporting to extend Bennett’s probationary period for an additional six months pursuant to a signed “Acknowledgment and Waiver” form in which Bennett agreed to the extension. An affidavit of violation of probation was filed May 17, 1990. Bennett’s motion to dismiss was denied and he was found to be in violation of his probation and sentenced to 25 months incarceration. As recently explained in Clark v. State, 579 So.2d 109 (Fla.1991), before probation may be enhanced by an extension of the period, a violation of probation must be formally charged and the probationer brought before the court and advised of the charge in accordance with the procedures of § 948.06, Fla.Stat. Under Clark, absent proof of a violation the court cannot order an extension, even if the probationer has agreed with his probation officer to the change, in writing, and has waived any notice and hearing. Therefore, the court in the present case was without jurisdiction to consider the violation of probation first asserted after lapse of the original period of probation. The order of modification of probation, the order revoking the probation upon Bennett’s admission of violation of probation, and the 25-month sentence imposed, are vacated.
REVERSED.
JOANOS, C.J., and BARFIELD, J., concur.