596 So.2d 460 (1991)
James Stephen BAXTER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-03020.
District Court of Appeal of Florida, Second District.
November 27, 1991.
Rehearing Denied January 30, 1992.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Francine Thomas, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Defendant challenges three conditions of his probation, which the trial court imposed after the revocation of his original probation. We affirm in part and reverse in part.
Defendant originally pled guilty in three cases to the commission of five lewd and lascivious acts and to the commission of one act of attempted sexual battery. In exchange he received fifteen years probation in each case to run concurrently. Defendant then violated that probation by fondling and rubbing a ten-year-old girl while he was performing community service work. Upon revocation of probation he received a split sentence of prison (for the attempted sexual battery) plus new probation (concurrent for the other offenses) to be served upon release from prison.
Because the first two of the challenged conditions were provisions of defendant's original probation, defendant should have appealed them at the time of their original imposition instead of now. See King v. State, 373 So.2d 78 (Fla.3d DCA 1979), cert. denied, 383 So.2d 1197 (Fla. 1980) (defendant who accepts benefit of probation waives right to attack that probation, even on grounds of illegality, upon its revocation). Since he did not, he has waived his right to challenge them now.
On the other hand, the third condition was substantially different from those imposed in his original probation. That condition states, "No contact with any children under the age of 21, without permission from the Judge." Following Sturgeon v. State, 582 So.2d 746, 747 (Fla. 2d DCA 1991), we direct the trial court on remand to modify the third condition to prohibit contact with persons under the age of eighteen.
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and LEHAN and PARKER, JJ., concur.