THREADGILL, Judge.
The appellant challenges an order which modifies his previously imposed sentence by adding an entirely new condition of probation. Because the procedures of section 948.-06, Florida Statutes (1991), were not followed in this case, we reverse.
The supreme court in Clark v. State, 579 So.2d 109 (Fla.1991), held that before probation may be enhanced by extension of the period or addition of terms, a violation of probation must be formally charged and the probationer must be advised of the charge and brought before the court following the procedures of section 948.06. In this case, the court enhanced the probation, pursuant to the state’s motion for modification, by adding a condition requiring the appellant to remain drug and alcohol free and submit to random drug and alcohol screening. The motion for modification was based upon notations in the appellant’s presentence investigation report. A violation of the appellant’s probation was not charged. Absent proof of a violation, the court should not have enhanced the terms of the appellant’s probation. See 579 So.2d at 111.
Reversed.
HALL, A.C.J., and BLUE, J., concur.