885 So.2d 415 (2004)
Eric GEARHART, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-4043.
District Court of Appeal of Florida, Fifth District.
October 15, 2004.
*416 James F. Cummins, Inverness, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
The defendant appeals from orders revoking his probation and imposing a five year prison sentence. He asserts that the trial court erred in revoking his probation and sentencing him to five years imprisonment after extending his initial probationary term of three years without jurisdiction or proper notice.
A trial court may enhance or extend probation during the probationary period following a hearing and upon proof of a violation. However, in the absence of a noticed hearing and such proof, an extension of the probationary term violates the double jeopardy prohibition against multiple punishments for the same offense. Double jeopardy rights may be waived but no waiver occurred here. Accordingly, we reverse.
Pursuant to a plea agreement, the defendant pled no contest to the charge of lewd and lascivious act on a child under the age of 16 and on May 26, 2000, was sentenced to three years of sex offender probation. Condition 26 of his sex offender mandatory conditions required him to participate and successfully complete a sex offender treatment program.
On March 20, 2003, or approximately two months before the probation was to expire, the Department of Corrections advised the trial court by letter that the defendant had been discharged from a treatment program prior to completion due to excessive absences. The DOC asked that the defendant's probation be extended for two years to allow for completion of the sex offender treatment program.
According to the author of the letter (who testified at the subsequent revocation hearing) the matter had been discussed with the defendant who was happy about the extension in lieu of revocation proceedings. The author of the letter admitted that a copy had not been furnished to the defendant nor was the defendant furnished with notice of the hearing set on the request.
The trial court treated the letter as a motion to extend probation and the hearing was conducted on April 10, 2003 on the request to extend probation for two years. The defendant was not present. An order *417 granting the motion was entered. Thereafter, a separate "Order of Modification" of sex offender probation was entered on June 9, 2003, modifying the sex offender probation to provide that probation "will terminate upon successful completion of sex offender treatment." Neither order contains any finding that the defendant was in violation of his probation.
On September 4, 2003, the defendant's probation officer filed an affidavit alleging violation of sex offender probation on three grounds. The defendant filed a motion to dismiss. Following a hearing, the court found the defendant violated his probation and he was thereafter sentenced to five years imprisonment.
Probation is a creature of statute and courts are limited to the authority set out in the applicable statutes. See Lynn v. State, 398 So.2d 977 (Fla. 1th DCA), rev. denied, 411 So.2d 383 (Fla.1981). Chapter 948, Florida Statutes, governs terms and conditions of probation and provides in part at subsection (6) that "the court may rescind or modify at any time the terms and conditions theretofore imposed by it upon the probationer or offender in community control."
Case law recognizes that a trial court may, pursuant to section 948.03(6), Florida Statutes, at any time during the probationary period, modify any probation conditions with the caveat that the court cannot enhance the penalty or add new conditions without proof of a violation. Lippman v. State, 633 So.2d 1061 (Fla.1994); Clark v. State, 579 So.2d 109 (Fla.1991); Garvison v. State, 775 So.2d 340 (Fla. 2d DCA 2000); Casterline v. State, 703 So.2d 1071 (Fla. 2d DCA 1997). An enhancement of probation where there is no proof of a violation of probation contravenes "the double jeopardy prohibition against multiple punishments for the same offense." Lippman, 633 So.2d at 1064; see also Cole v. State, 745 So.2d 1001, 1002 (Fla. 2d DCA 1999).
In Clark, the supreme court held that before the probationary term can be extended, a violation of probation must be formally charged and the probationer must be brought before the court and advised of the charge following the procedures of section 948.06, Florida Statutes. 579 So.2d at 110-11.
In the instant case, the trial court entered an "Order of Modification," extending the probationary term from three years to "upon successful completion of sex offender treatment." This was an enhancement of the probationary term without any formal proof or finding by the court of a violation of probation. A double jeopardy violation occurred under these circumstances. Furthermore, the defendant was not served with a copy of the DOC letter which was apparently employed in lieu of a formal affidavit alleging violation of probation, nor was the defendant provided with notice of the April 10, 2003, hearing.
The State argues that despite these defects, reversible error was not committed because the defendant verbally agreed with the DOC to an extension of the probationary term in lieu of revocation. The State relies on testimony of the author of the DOC correspondence to the effect that she discussed the extension with the defendant who was happy with the extension and with the fact that his probation was not being violated. The State recognizes that in Lippman, the supreme court declined to find a waiver by the defendant of his double jeopardy rights where the trial court unilaterally modified the conditions of probation without agreement by or benefit to the defendant. However, the State maintains that here the evidence is that the defendant accepted the benefit of the *418 extension and avoided revocation of his probation thereby effectively waiving any double jeopardy claim.
In Blair v. State, 805 So.2d 873 (Fla. 2d DCA 2001), the Second District found a waiver of a double jeopardy claim arising out of an improper enhancement of the original conditions of probation. In that case, the trial court improperly enhanced the original condition of probation that Blair not use intoxicants to excess by prohibiting Blair from consuming or possessing any alcoholic beverages (special condition two) without any finding that Blair had violated his probation. The appellate court, in concluding that Blair could not complain of this enhancement, explained:
While special condition two was not the basis of the charged violation, the plea in March 1999 was given in exchange for an agreed continuation of probation. The trial judge noted that the State was seeking a prison term for Blair due to his violation of probation. Nevertheless, the trial judge continued Blair's probation and specified that Blair must complete the previously imposed conditions of probation.
In State v. Johnson, 483 So.2d 420, 421 (Fla.1986), the supreme court noted, "[T]here may be limited instances in which a defendant may be found to have knowingly waived his double jeopardy rights." Where a guilty plea is bargained for, double jeopardy claims as to the conviction and sentence are waived. Novaton v. State, 634 So.2d 607, 609 (Fl.1994); see also Melvin v. State, 645 So.2d 448, 449 (Fla.1994).
Blair should have appealed the addition of special condition two when it was originally imposed in 1998. See Baxter v. State, 596 So.2d 460 (Fla. 2d DCA 1991). He did not do so, and in March 1999, Blair accepted the benefit of the continuation of his probation. See id.

We also note that prior to pleading guilty to the violation of probation in March 1999, Blair was aware of special condition two. In February 1999, Blair was instructed by his probation officer regarding that condition, and Blair acknowledged the condition in writing. Because of Blair's knowledge of the conditions of his probation, his repeated failure to raise the issue of the illegal enhancement in the trial court or in any prior appeal, and his plea of guilty to a violation of probation in exchange for the continuation of his probation, we conclude that Blair waived his double jeopardy claim....
805 So.2d at 878.
In the instant case, however, the defendant never received formal notice of the purported violation of probation, nor of the hearing on the request of DOC to extend probation. The absence of a noticed hearing on the request for extension at the very least distinguishes this case from Blair. Additionally, neither order extending probation reflects service upon the defendant.
State v. Schafer, 583 So.2d 374 (Fla. 4th DCA 1991), involved an illegal extension of probation. The Fourth District explained that a probationer's agreement to extend the term of his probation to complete a condition thereof was a nullity where it was accomplished through informal discussions, without a hearing or the advice of counsel.
The extension of probation here was improper. Accordingly, the revocation of probation, based on an affidavit filed after expiration of the original three year probationary term, was invalid. See Belt v. State, 748 So.2d 386 (Fla. 5th DCA 2000); Rodriguez v. State, 511 So.2d 444 (Fla. 2d DCA 1987) (trial court lacks jurisdiction to revoke probation when affidavit *419 of violation is not filed until after term of probation has expired). We order the defendant's immediate release from custody.
REVERSED.
SAWAYA, C.J., and THOMPSON, J., concur.