890 So.2d 1234 (2005)
Michael MUNDORFF, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-5512.
District Court of Appeal of Florida, First District.
January 19, 2005.
*1235 Nancy A. Daniels, Public Defender; John R. Alfino, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Elizabeth F. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Michael Mundorff, appeals the trial court's order revoking his probation. Appellant argues that the trial court erred in failing to comply with the requirements of section 948.06 (2001), Florida Statutes, when it previously extended his term of probation. We agree.
Appellant was originally convicted and sentenced to a one-year term of probation, which included a requirement that appellant make restitution for the cost of his court-appointed attorney. As appellant approached the end of the year, he had not yet fulfilled his monetary obligation. Appellant and his probation officer appeared before the court to address the matter six weeks before his probation was due to expire. No attorney was present to represent appellant. At the hearing, appellant's probation officer told the court that appellant's current financial situation was such that he could not afford to pay all of the money back within the original term of probation. Appellant then agreed to a *1236 two-year extension of his probation, which would terminate once he had fulfilled his financial obligations. The court subsequently entered an order extending appellant's probation, although no affidavit of violation had ever been filed against appellant. Approximately two years later, shortly before the extended term of probation was set to expire, the probation officer filed an affidavit of violation against appellant, charging appellant with several probation violations. The trial court found appellant guilty of two of the violations and sentenced him to three years' imprisonment. This appeal followed.
Section 948.06, Florida Statutes (2001), states, in pertinent part, that:
[t]he court, upon the probationer or offender being brought before it, shall advise him or her of such charge of violation.... If such charge is not at that time admitted by the probationer or offender and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer or offender an opportunity to be fully heard on his or her behalf in person or by counsel. After such hearing, the court may revoke, modify, or continue the probation....
Explaining the application of this section, the supreme court has held that:
[s]ection 948.06, Florida Statutes (1987), provides the sole means by which the court may place additional terms on a previously entered order of probation or community control. Before probation or community control may be enhanced, either by extension of the period or by addition of terms, a violation of probation ... must be formally charged and the probationer must be brought before the court and advised of the charge following the procedures of section 948.06. Absent proof of a violation, the court cannot change an order of probation... by enhancing the terms thereof, even if the defendant has agreed in writing with his probation officer to allow such a modification and has waived notice and hearing.
Clark v. State, 579 So.2d 109, 110-11 (Fla.1991) (footnote omitted) (emphasis added). In other words, a probationer's agreement to extend probation, made without a hearing or the advice of counsel, is a nullity. State v. Schafer, 583 So.2d 374, 375 (Fla. 4th DCA 1991) (citing Marsh v. State, 559 So.2d 411 (Fla. 2d DCA 1990)). "A probationer cannot agree with his probation officer to an extension of probation in lieu of compliance with the procedures set forth in [section] 948.06." Carter v. State, 516 So.2d 331, 332 (Fla. 1st DCA 1987) (citing Gurganus v. State, 391 So.2d 806 (Fla. 5th DCA 1980)).
Because appellant was never charged with a violation of probation during his original term of probation, the trial court lacked jurisdiction to find appellant in violation and sentence him to an additional period of probation. See § 948.06(1), Fla. Stat.; Clark, 579 So.2d at 110-11. Although appellant arguably received a hearing before his probation was extended, it cannot be said that he received notice of a violation, because no affidavit of violation was ever filed. See Weidmann v. State, 582 So.2d 1251, 1251 (Fla. 2d DCA 1991) (applying Clark's holding that a trial court may not enhance probation unless a violation of probation has been formally charged and the probationer has been given notice and a hearing). The trial court's informing appellant that he could choose to have a "violation order" and probation hearing, where appellant would be represented by counsel, was insufficient to constitute a knowing waiver of appellant's right to counsel, and did not comply with the requirements of section 948.06. Cf. Holcombe v. State, 553 So.2d 1337, 1338-40 (Fla. 1st DCA 1989) *1237 (holding that neither the court, the probation officer, nor the appellant could agree to a modification of his probation that did not comply with the procedures set forth in section 948.06). Because appellant's probation expired prior to his being charged with violating the terms and conditions thereof, the trial court no longer had jurisdiction to conduct a revocation hearing. See Rodriguez v. State, 511 So.2d 444, 445 (Fla. 2d DCA 1987) (citing Gardner v. State, 412 So.2d 10 (Fla. 2d DCA 1981); White v. State, 410 So.2d 588 (Fla. 2d DCA 1982)).
Accordingly, the order extending probation and the judgment and sentence of violation of probation are VACATED and appellant is DISCHARGED as to circuit court case number 99-13762 CFA.
BENTON, LEWIS and THOMAS, JJ., Concur.