PER CURIAM.
In this case, the State challenges an order modifying the defendant’s sex offender probation so as to eliminate the reporting requirement. As we conclude that the relevant statutes do not authorize nonreporting sex offender probation, we reverse the order appealed.
In January of 2000, the defendant pled guilty to multiple counts of lewd assault on a child under sixteen and lewd conduct in the presence of a child under sixteen and to a single count of using a computer service to solicit or entice a child. The defendant’s scoresheet reflected a lowest permissible sentence of twenty-one years and maximum sentence of life. The judge imposed a downward-departure sentence, sentencing the defendant to community control to be followed by sex offender probation. As part of his sentence, the defendant was required to receive medical castration, to receive treatment, to register as a sex offender, to receive polygraph testing, to not take steroids or any drug that increases testosterone, and to not frequent *1200 any place where children receive instruction, among other things.
In 2008, the defendant’s sex offender probation was transferred to Virginia. In 2008, the defendant filed a motion, in the Florida circuit court, seeking to terminate or modify his probation. The defendant asserted that he had been a model probationer; that, since the commission of his crimes in late 1998/early 1999, he had married and had a child and desired to have his probation terminated or modified to permit him to attend functions with his child and to travel for work and family purposes. The defendant filed letters from his Virginia probation officer and his doctor in support of his motion. The trial court ultimately granted the defendant’s motion, eliminating from the defendant’s sex offender probation the requirement that he report, in person, to his probation officer each month, but expressly stated that “[a]ll other conditions of probation remain in full force and effect.” It is this ruling that the State challenges.
“Probation is a creature of statute”; thus, in imposing a probationary sentence, courts are limited to the authority given them by the relevant statutes. Gearhart v. State, 885 So.2d 415, 417 (Fla. 5th DCA 2004). Chapter 948 of the Florida Statutes governs probation. The State argues that not only is there no provision in chapter 948 authorizing or permitting the elimination of the reporting requirement from sex offender probation imposed upon a defendant convicted of a violation of section 800.04, criminalizing lewd and lascivious conduct involving children under sixteen, but the elimination of the reporting requirement is contrary to the very definition of sex offender probation. We agree.
“Probation” is defined as “a form of community supervision requiring specified contacts with parole and probation officers[ 1] and other terms and conditions as provided in s. 948.03.” § 948.001(8), Fla. Stat. (2010).[2] Chapter 948 provides that, in imposing probation, a trial court “may” impose a condition requiring the probationer to report to the probation supervisors and permits a trial court to “rescind or modify at any time the terms and conditions” imposed. § 948.03(l)(a), (2), Fla. Stat. (2010).
In contrast to ordinary probation, “sex offender probation,” the probation involved here, is defined as “a form of intensive supervision, with or without electronic monitoring, which emphasizes treatment and supervision of a sex offender in accordance with an individualized treatment plan administered by an officer who has a restricted caseload and specialized training.” § 948.001(13), Fla. Stat. (2010) (emphasis added). Sex offender probation has the concurrent goals of treatment of the offender and the protection of society. See Woodson v. State, 864 So.2d 512, 516 (Fla. 5th DCA 2004). To that end, in addition to defining sex offender probation as in- *1201 volving intensive supervision, chapter 948 provides that a trial court sentencing a defendant to sex offender probation must impose an extensive list of conditions for those, like the defendant, convicted of certain enumerated sex crimes. See § 948.30(1)-(S), Fla. Stat. (2010). These mandatory conditions include a curfew; that the defendant not reside within 1,000 feet of where children regularly congregate; no contact with children except under specified circumstances; participation in, and successful completion of, a sex offender treatment program; internet safety rules; submission of DNA; restitution to the victim, including payment for any psychiatric services required by the victim; at least annual polygraph tests; and maintenance of a driving log or prohibition against driving a vehicle alone in the absence of prior approval from the supervising officer. See § 948.30(l)-(2), Fla. Stat. (2010).
Elimination of the reporting requirement from a defendant’s sex offender probation is contrary to, and undermines, the “intensive supervision” expressly contemplated for sex offender probationers. Further, in the absence of a reporting requirement, there is no mechanism in place to monitor and ensure a defendant’s compliance with the considerable list of mandatory conditions required in the imposition of sex offender probation. For these reasons, we do not believe that chapter 948 contemplates or permits the elimination of the reporting requirement for a defendant placed on sex offender probation. We thus reverse the order appealed.

Reversed and Remanded.

STEVENSON, TAYLOR and DAMOORGIAN, JJ., concur.

. Chapter 948 provides for "administrative probation,” which does contemplate "nonre-porting'’ status for a probationer. § 948.001(1), Fla. Stat. (2010). The order eliminating the reporting requirement from this defendant’s sex offender probation, though, cannot be justified as administrative probation. The Department of Corrections, not the trial court, is charged with transferring a defendant to "administrative probation” and administrative probation is not available for those convicted of a violation of section 800.04. See § 948.013(2), Fla. Stat. (2010).

. The language of the relevant provisions of chapter 948 addressed in this opinion were identical at the time of the commission of the defendant’s crimes in late 1998/early 1999. See §§ 948.001(1), (5), (10), Fla. Stat. (1997 & 1999); 948.01(15), Fla. Stat. (Supp. 1998 & 1999); 948.03(l)(a), (2), (5), Fla. Stat. (Supp. 1998 & 1999).