BENTON, C.J.
 

 Roosevelt Lindsay, Jr., appeals a judgment adjudicating him guilty of two third-degree felonies (forgery of a written instrument and uttering a forged instrument) following a violation of probation hearing. Originally the trial court had withheld adjudication of guilt. After hearing the evidence at the probation hearing, the trial court found that he had violated a term of his probation, but also found that the violation was not willful and substantial. The state concedes that finding a violation was error.
 

 While “[t]he trial court is vested with broad discretion to determine whether a probationer has violated a condition of probation,”
 
 Williamson v. State,
 
 43 So.3d 843, 845 (Fla. 1st DCA 2010), “[t]o establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation.”
 
 Van Wagner v. State,
 
 677 So.2d 314, 316 (Fla. 1st DCA 1996) (citing
 
 Salzano v. State,
 
 664 So.2d 23 (Fla. 2d DCA 1995);
 
 Thorpe v. State,
 
 642 So.2d 629, 629 (Fla. 1st DCA 1994)). Whether conduct which could constitute a violation of probation was willful is a question of fact.
 
 See Riggins v. State,
 
 830 So.2d 920, 921 (Fla. 4th DCA 2002). The trial court’s determination that appellant was not guilty of a willful and substantial violation of probation is amply supported by the record.
 

 Because the trial court did not find Mr. Lindsay’s violation willful and substantial, it was without authority to revoke his probation or to adjudicate him guilty.
 
 See
 
 § 948.06(2)(e), Fla. Stat. (2009) (“If such probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he or she has previously been adjudged guilty....”).
 
 See also Lippman v. State,
 
 633 So.2d 1061, 1064 (Fla.1994).
 

 Section 948.06, Florida Statutes (1987), “provides the sole means by which the court may place additional terms on a previously entered order of probation or community control.”
 
 Clark v. State,
 
 579 So.2d 109, 110 (Fla.1991). Before probation may be enhanced, a violation of probation must be formally charged and the probationer must be brought before the court and advised of the charge.
 
 Id.
 
 at 110-11; § 948.06(1), Fla.Stat. (1987). Absent proof of a violation, the court cannot change an order of probation by enhancing the terms.
 
 Clark,
 
 579 So.2d at 110-11.
 

 Id.
 
 In fact, as the trial court noted in ordering termination of probation, by the time of the revocation hearing, the probationary term had expired. Accordingly, we reverse the adjudication of guilt as to
 
 *640
 
 both offenses, forgery of a written instrument and uttering a forged instrument.
 

 Reversed.
 

 DAVIS and THOMAS, JJ., concur.