GERBER, J.
The state appeals from the circuit court’s order placing the defendant on eighteen months of “administrative probation” immediately following her no contest plea to grand theft and the court’s withholding of adjudication. The state argues that the Department of Corrections, and not the court, is charged with transferring a defendant to administrative probation. We agree with the state and reverse.
“Probation is a creature of statute; thus, in imposing a probationary sentence, courts are limited to the authority given them by the relevant statutes.” State v. Coleman, 44 So.3d 1198, 1200 (Fla. 4th DCA 2010) (citation and internal quotations omitted). Section 948.001(1), Florida Statutes (2011), defines “administrative probation” as “a form of noncontact supervision in which an offender who presents a low risk of harm to the community may, upon satisfactory completion of half the term, of probation, be transferred by the Department of Corrections to nonreporting status until expiration of the term of supervision.” (emphasis added). Section 948.013(1), Florida Statutes (2011), further provides, in pertinent part: “The Department of Corrections may establish procedures for transferring an offender to administrative probation.” (emphasis added). These statutes indicate that “[t]he Department of Corrections, not the trial court, is charged with transferring a defendant to administrative probation.” Coleman, 44 So.3d at 1200 n. 1 (internal quotations omitted); see also Madrigal v. State, 683 So.2d 1093, 1096 (Fla. 4th DCA 1996) (the circuit court “had no authority to impose administrative probation from the beginning of the probationary period”).
The defendant concedes that the circuit court erred when it immediately sentenced her to administrative probation. However, the defendant argues that the error is harmless because the court had the discretion to sentence her to the same conditions as would be required for administrative probation. In support, the defendant cites section 948.03(1)(a), Florida Statutes (2011), which provides, in pertinent part:
(1) The court shall determine the terms and conditions of probation.... These conditions may include among them the following, that the probationer ... shall: (a) Report to the probation and parole supervisors as directed.
We disagree with the defendant. The circuit court’s order immediately placing the defendant on administrative probation effectively negated: (1) section 948.001(1)’s requirement that the offender satisfactorily complete half the term of probation before being considered for administrative probation; and (2) the Department of Corrections’ procedures for transferring an offender to administrative probation as established under section 948.013(1). Thus, the error is not harmless.
Based on the foregoing, we reverse and remand with instructions to resentence the defendant.

Reversed and remanded for resentenc-ing.

STEVENSON and LEVINE, JJ., concur.