HENDON, J.
*1179 Allen Cadet challenges the trial court's denial of his 3.800 motion to correct an illegal sentence. We affirm.
As part of a negotiated plea, Cadet was sentenced in 2008 to three years in state prison followed by five years of administrative probation, which could terminate early if he did not violate the terms. On August 28, 2010, Cadet was released from prison to begin serving the probationary portion of his split sentence. In January 2013, Cadet was arrested in Broward County for violating his Miami-Dade County probation by committing three new law violations: possession of a firearm by a convicted felon, battery on a law enforcement officer, and resisting an officer with violence. The trial court dismissed the firearm allegation and determined by a preponderance of the evidence that Cadet willfully and substantially violated probation by committing the two new offenses of battery on a law enforcement officer and resisting an officer with violence. The court revoked Cadet's probation and sentenced him to an 18-year prison term, with credit for time served. Cadet's 2018 petition to correct an illegal sentence was denied.
Cadet argues on appeal that the trial court was without jurisdiction to impose administrative probation in the first instance. Thus, he asserts that his violation of probation and subsequent sentence are based on an illegal probationary term, his sentence should be reversed, and he should be allowed to withdraw his original 2008 plea. We disagree.
Administrative probation is non-reporting probation. By law, this is a type of probation that can only be imposed by the Department of Corrections. See § 948.001, Fla. Stat (2008) ; State v. Nazario, 100 So. 3d 1246 (Fla. 4th DCA 2012). Cadet is, however, estopped from raising the issue because he initially accepted the terms of the plea, did not challenge the terms of the plea or appeal from the sentence, and he has since reaped the benefits of that plea.
This Court has upheld otherwise defective sentences when they were voluntarily accepted by the defendant as a part of a mutually advantageous agreement with the State. See, State v. Ortiz, 79 So. 3d 177 (Fla. 3d DCA 2012) (holding that a defendant who has reaped the benefit of an illegal sentence is estopped from challenging the sentence, especially in the context of a negotiated plea); see also Novaton v. State, 610 So. 2d 726, 727 (Fla. 3d DCA 1992) (holding that "a defendant who enters into a negotiated plea and sentence bargain with the prosecution thereby waives an otherwise viable double jeopardy objection to sentences which form a part of the agreement"); Jacobs v. State, 522 So. 2d 540, 541 (Fla. 3d DCA 1988) (affirming the denial of a motion to correct an illegal sentence as a result of a negotiated plea); Preston v. State, 411 So. 2d 297, 298-99 (Fla. 3d DCA 1982) (holding that a defendant who should have been sentenced as a youthful offender but was placed on probation waived his right to question the legality of a probation he enjoyed and violated).
Although the imposition of administrative probation was incorrect, Cadet has *1180 waived any challenge to that probation by accepting the benefits of the 2008 plea. Furthermore, his subsequent violation was significant and properly resulted in revocation of probation and imposition of a legal sentence. Cadet cannot claim the original 2008 sentence was illegal in an attempt to vacate that plea, to avoid the consequences of his new criminal offenses.
Affirmed.