670 So.2d 1155 (1996)
Carol W. WALDON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2055.
District Court of Appeal of Florida, Fourth District.
April 3, 1996.
*1156 Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William A. Spillias, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, Judge.
We reverse an order revoking probation because the condition violated was illegally added five years after probation was first imposed and without any finding of a violation of a previously imposed condition.
Defendant was originally convicted in 1989 of lewd and lascivious assault on a child *1157 under the age of 16 and placed on 7 years, 7 months probation. As a special condition of probation, she was required to "undergo a Substance Abuse Evaluation and complete any treatment/education program recommended by the Evaluator at [her] own expense." [1] [e.s.]
Some five years later after sentencing, in November 1993, her probation officer (PO) filed an affidavit of violation of probation (VOP). The affidavit charged her with violating the provision that she complete any treatment program recommended by the evaluator.[2] It alleged that she had refused to get in-patient alcohol treatment as instructed by her PO on 21 September 1993. A hearing on that charge was held 3 days later, at which she appeared with counsel. The assistant state attorney and defense counsel announced an agreement in which the VOP was withdrawn, and she agreed that three special conditions would be added as terms of her probation: (1) she was required to surrender herself on the following day to an alcohol detoxification program and remain there indefinitely until released by the program authorities; (2) she would be required to follow any treatment recommended by the program; and (3) she would not be allowed to consume any alcohol at any time. The trial judge approved the agreement and entered an order accordingly.
In March 1994, a new affidavit of VOP was filed, this time charging her with violating two of these new conditions in that she failed to keep an appointment with a counselor and on another date she was intoxicated when she met with her counselor.[3] At a hearing in June 1994, her PO and counselor testified in support of the VOP, and defendant and one of her neighbors testified in opposition. The trial court found that she was guilty of VOP on both counts and sentenced her to 5½ years incarceration.[4]
Defendant makes two essential arguments against the June 1994 VOP. She first notes that the violation for which her probation was actually revoked arose from a condition that was imposed during the period of the probation at the November 1993 hearing and not at the original sentencing. The violation alleged at the November 1993 hearing itself related to a condition that was imposed by the probation officer and not by the court; but probation, she argues, may not be violated for failing to comply with a condition imposed only by a PO and not by the sentencing court. As she has since been violated for an infraction of a condition imposed only as a result of a failure to follow her PO officer, defendant argues that she has, in effect, been violated purely for failing to follow her PO. Second, and in any event, she argues that the conditions imposed at the VOP hearing in November 1993 were illegal because they were imposed without a finding of a violation of the existing conditions.
The record clearly shows that she did not raise either one of these objections at the June 1994 hearing. Moreover, she expressly agreed to the new conditions at the November 1993 hearing, and did not then and there request dismissal of the November 15th charge on the grounds that it related to a condition imposed by her PO, instead of the judge. The state thus argues that all of her arguments have been waived by both her agreement and her failure to object at either of the two VOP hearings.
We have several times held that probation or community control may not be revoked for violation of a condition or requirement imposed unilaterally by the probation officer but not by the sentencing order. See, *1158 e.g., Kiess v. State, 642 So.2d 1141 (Fla. 4th DCA 1994); Voudry v. State, 641 So.2d 466 (Fla. 4th DCA 1994); and Ashrafi v. State, 534 So.2d 886 (Fla. 4th DCA 1988); see also Morales v. State, 518 So.2d 964 (Fla. 3d DCA 1988); Hutchinson v. State, 428 So.2d 739 (Fla. 2d DCA 1983) and Holterhaus v. State, 417 So.2d 291 (Fla. 2d DCA 1982).
Although her original sentencing order in 1989 required that she "undergo a Substance Abuse Evaluation and complete any treatment/education program recommended by the Evaluator at [her] own expense," [e.s.] it did not expressly authorize her PO to require or prescribe treatment for her. If the record showed that her evaluator in 1989 had recommended in-patient treatment for alcoholism, e.g., there might be at least an arguable claim that she had violated the sentencing order by refusing to get the treatment. As it happens, however, the record is clear that she was ordered to complete any treatment recommended by her evaluator, but the alleged violation concerns her failure to get treatment ordered by her probation officer. Hence we agree that the failure to get treatment charge does not state a proper charge for violation of probation.
The failure to object to a charging document that does not charge a crime is not fatal, however, because the failure to charge a crime is fundamental error. State v. Gray, 435 So.2d 816 (Fla.1983); Tracey v. State, 130 So.2d 605 (Fla.1961); Salas v. State, 544 So.2d 1040 (Fla. 4th DCA 1989); and Haselden v. State, 386 So.2d 624 (Fla. 4th DCA 1980). It seems reasonable to analogize the failure to charge a crime to the failure to charge a violation of probation. Hence, we agree that defendant's failure to raise an objection to the formal charge of VOP does not constitute a waiver of the issue from appellate review.
The next argument relates to the propriety of enhancing probation during its term by agreement with the probationer but without a violation. In Lippman v. State, 633 So.2d 1061 (Fla.1994), as here, the court confronted a revocation of probation based on a violation of conditions imposed during the probationary term. In the original sentence, the court had imposed only two conditions: that defendant undergo a psychiatric evaluation, and that he be permitted to transfer his probation to another state.
As here, the modification occurred at a VOP hearing where the state had withdrawn an affidavit of violation. The modification added four new conditions: (1) an extension of the period from two to seven years, (2) a requirement that defendant pay for and complete a mentally disordered sex offender program, (3) a prohibition on defendant wearing police uniforms or using police equipment in his new job with the police department, and (4) restrictions on contact with some members of his immediate family. 633 So.2d at 1063. Lippmann did not object to the modification, and did not appeal the modification order.
Several months later, the court revoked his probation for having impermissible contacts with certain members of his family. He appealed the revocation, without raising any contention as to whether the modification had been proper, and the revocation was affirmed. He later filed a motion under rule 3.850[5] arguing that the modification had been in violation of his double jeopardy rights. The trial court denied relief, and the third district affirmed, saying that the restrictions on contact with certain family members was simply a modification of an existing condition and not the imposition of a new one.
As in this case, the state argued to the supreme court in Lippman that defendant was procedurally barred from arguing the invalidity because of his failure to appeal the new conditions in his direct appeal from the VOP. The supreme court rejected this argument, saying:
"We do not agree. The prohibition against double jeopardy is `fundamental.' Benton v. Maryland, 395 U.S. 784, 795-96, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707 (1969). As this Court concluded in State v. Johnson, 483 So.2d 420, 423 (Fla.1986), "the failure to timely raise a double jeopardy claim does not, in and of itself, serve as a *1159 waiver of the claim." In Johnson, the trial court unconditionally accepted the defendant's nolo contendere plea to several criminal charges, but subsequently vacated the judgment on the basis of information contained in the presentence investigation report. The defendant was then tried on the original charges, adjudicated guilty, and sentenced to 13 years incarceration. The defendant did not appeal the conviction and sentence, but instead filed a rule 3.850 motion for relief on the ground that this violated double jeopardy. This Court held that the constitutional prohibition against double jeopardy applied and that the State had no right to try the defendant at all. Id. at 423.
"Unlike the defendant in Johnson, Lippman did appeal the judge's order, but failed to raise the double jeopardy claim. However, we do not find that this difference distinguishes the instant case from Johnson. As this Court noted in Johnson, a number of courts have concluded that a double jeopardy claim may be raised in a post-conviction relief proceeding. 483 So.2d at 422-23; see also, e.g., Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981) (double jeopardy claim not waived even though not raised until federal habeas corpus proceedings were filed at the conclusion of all appeals). Although this Court cautioned `that there may be limited instances in which a defendant may be found to have knowingly waived his double jeopardy rights,' 483 So.2d at 423, the circumstances of the instant case do not support such a finding. Lippman did not knowingly waive his double jeopardy protection any more than the defendant in Johnson did. Thus, Lippman's double jeopardy claim is not procedurally barred."
633 So.2d at 1064-1065.
We find it quite impossible to state a principled difference between this case and Lippman on the procedural waiver issue. It is true that the defendant in this case has raised this issue on a direct appeal from the VOP, while in Lippman the defendant did not do so. But if it could not be waived by a failure to raise it on direct appeal, surely it cannot be waived by raising it on direct appeal. If it can be raised for the first time on post-conviction relief because it is fundamental error, it most certainly can be properly presented on the direct appeal, even though not raised in the trial court.
In Lippman, the supreme court also addressed a contention whether the new conditions were true enhancements. In rejecting the district court's conclusion that they were not enhancements, the court said:
"While such conditions could have been included in the initial probationary order had circumstances required, there is no question that the added conditions are more restrictive than those imposed by the initial order. Consequently, we find that the added conditions, including the no-contact condition, enhanced the terms of Lippman's original probationary sentence."
633 So.2d at 1064.
The state makes the same argument in this case. It contends that the condition requiring surrender to an alcohol detoxification program was a mere adjunct of the original requirement that this defendant "undergo a Substance Abuse Evaluation and complete any treatment/education program recommended by the Evaluator at [her] own expense." But there is absolutely no evidence in this record showing that the PO's command to enter the detoxification program in November 1993 was in any way related to an evaluation done five years earlier, or that the evaluator then recommended that she enter such a program.
The test, according to Lippman, as to whether a modification is really an enhancement, turns on whether the change is more restrictive than the original condition. A condition allowing the PO to require in-patient alcoholism treatment throughout the entire seven-year+ term of probation is more restrictive than a requirement that an offender undergo a substance abuse evaluation at the beginning of probation and follow any treatment then recommended by the evaluator. Thus, we are forced to conclude that the 1993 modification was an enhancement, not a mere incident to a substance abuse evaluation completed five years earlier. We believe that this case cannot be distinguished *1160 in any proper way from Lippman. See also Delancey v. State, 653 So.2d 1062 (Fla. 4th DCA 1995).
Turning next to the state's argument that defendant is estopped from arguing the issue of the illegality of the November 1994 modifications because she agreed to them, the contention is disposed of by the supreme court's decision in Clark v. State, 579 So.2d 109 (Fla.1991). In Clark the defendant actually signed a "waiver of rights and motion to modify community control" two days after probation was imposed at a sentencing hearing. The purpose of the modification was to allow him to complete a program at the Lakeland Probation and Restitution Center. Two months later he was charged with violating the condition by leaving the institution. The trial court found a violation, and he appealed. The district court held that the enhancement was enforceable because he agreed to it, and even though it was imposed without a finding that he had violated the original conditions.
The supreme court found conflict with Holcombe v. State, 553 So.2d 1337 (Fla. 1st DCA 1989), and disapproved the VOP, saying:
"The trial court erred in this case by enhancing the terms of Clark's community control without notice and hearing. Section 948.06, Florida Statutes (1987), provides the sole means by which the court may place additional terms on a previously entered order of probation or community control. Before probation or community control may be enhanced, either by extension of the period or by addition of terms, a violation of probation or community control must be formally charged and the probationer must be brought before the court and advised of the charge following the procedures of section 948.06. Absent proof of a violation, the court cannot change an order of probation or community control by enhancing the terms thereof, even if the defendant has agreed in writing with his probation officer to allow such a modification and has waived notice and hearing." [e.s.]
579 So.2d at 110-11. Clearly, the principal holding of Clark is that an offender is not estopped from challenging an enhancement of probation simply because the offender agreed to it. The court must find a violation of an original condition upon due proof before probation may be enhanced during its term to add new requirements. No agreement by the probationer to the enhancement without a violation estops an offender from raising the double jeopardy infringement.
We reverse the order revoking defendant's probation and direct the trial court to return her to the status she was in before the November 1993 modifications occurred and credit her with all time since served.
GUNTHER, C.J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I would affirm the order revoking Appellant's probation.
It appears to me to be clear that the record supports a conclusion, and the court determined, that Appellant needed alcohol treatment and counseling. Based upon pre-plea recommendations and interviews, the plea agreement included a requirement that Appellant be evaluated for substance abuse and that she follow all recommendations made by the treatment therapists. Accordingly, on the probationary sentence form, the court checked of the box providing "You will undergo substance abuse evaluation and complete any treatment/education program recommended by the evaluator at your own expense."
The probationary condition which is the subject of the 1994 violation, and resulting revocation before us, was a modification of the initial provision. It was modified in November 1993 while Appellant was facing violation charges for her failing to complete any treatment program recommended by her evaluator and refusing to get in-patient alcohol treatment as instructed in September, 1993. At the November 1993 revocation hearing, Appellant entered into a stipulation with the state, accepted by the court, that the probation term in question would be modified in exchange for the state's withdrawing the pending affidavit of violation of probation. The record reflects that the withdrawal *1161 of the VOP affidavit was a quid pro quo for the modification.
At the violation of probation hearing in 1994, here under review, Appellant did not challenge the evidence that she failed to appear for scheduled conferences and was drunk when she did ultimately report, other than by claiming to be ill when she missed the appointments with her substance abuse counselor, a claim explicitly rejected by the trial court. The record reflected that Appellant had gone into residential treatment, as required, for a few weeks subsequent to the 1993 modification and that upon her release, intensive out-patient care was called for. Appellant admitted to her probation officer that she was not going to the counseling appointments and that she was still drinking. There was also conflicting evidence as to whether Appellant was attending AA meetings as required. She claimed that her dog had eaten her records.
In my judgment, the authority relied on by the majority is not controlling. Unlike the circumstances in Lippman v. State, 633 So.2d 1061 (Fla.1994), the modification in this case was not a new condition. Rather, it constituted a clarification of Appellant's treatment obligations implicit in the earlier order. In Lippman, the trial court unilaterally modified the terms of probation. In that case, there was no corresponding negotiated benefit to the probationer, as is clearly present here. Additionally, in the instant case the modified conditions of Appellant's probation were ordered only after an affidavit and warrant were issued and after a formal violation of probation hearing, in which Appellant was before the court with counsel, had commenced. The modifications here were in settlement of a pending charge. Having negotiated for, and accepted the benefit of, the state's withdrawing the affidavit, Appellant should not now be heard to disavow her agreement. See Novaton v. State, 634 So.2d 607 (Fla.1994); Mann v. State, 622 So.2d 595 (Fla. 3d DCA 1993); Madrigal v. State, 545 So.2d 392 (Fla. 3d DCA 1989). I also note that to hold otherwise deprives a probationer facing certain revocation and incarceration of the opportunity to negotiate a reasonable modification acceptable to the court.
NOTES
[1] The record does not indicate whether substance abuse had anything to do with the crime that led to her conviction.
[2] We are bothered by the notion that any recommendation could serve as the basis for a violation. What if the recommendation were unreasonable or unrelated to treatment? In this instance, however, defendant has not raised the issue, so we have laid our concerns aside.
[3] There is no suggestion that she operated a motor vehicle while intoxicated; just that she met the counselor at the clinic in an intoxicated condition.
[4] The sentence is illegal because it exceeds the maximum of 4½ years. Although we agree with Judge Stone thatif the VOP were properthe sentence would have to be reduced to the lower figure, the issue is moot because the violation was improper.
[5] Fla.R.Crim.P. 3.850.