KLEIN, Judge.
Appellant was charged with sexual battery of the fourteen year old daughter of his girlftiend. He admitted it, but claimed it was consensual. Because the girl would not cooperate, the charges were reduced. He entered a plea and received two years of community control followed by five years of probation. He appeals revocation of his community control.
One of the conditions of appellant’s community control was that he not have unsupervised contact with children under the age of sixteen. At the time he was sentenced, he was living with his wife and their three female children who were all under the age of sixteen. Another condition required him to be at home when he was not at work or other places permitted by the court.
After appellant’s community control officer changed, over a year after he was sentenced, his new officer found him home alone with his three daughters and asked the court to clarify whether the condition applied to his own children. The court determined that appellant could not have unsupervised contact with his children, and characterized the action it was taking both as a clarification and a modification. Ten days later, appellant was found at home alone with his children, and his community control was revoked.
Appellant argues that the modification of his condition that he not have contact with *1316 children was an enhancement of his original probationary sentence, which violates the prohibition against double jeopardy. Waldon v. State, 670 So.2d 1155 (Fla. 4th DCA 1996), relying on Lippman v. State, 633 So.2d 1061 (Fla.1994). The state argues that the court only clarified and did not enhance the original condition. We agree with appellant.
When the original condition was imposed it was known that the appellant was living at home with his wife and three children. When appellant’s community control officer found appellant home alone with his three children, he did not charge appellant with a violation, but rather requested that the court clarify whether the condition applied to appellant’s own children. Considering the fact that appellant was not charged with violating the original condition, along with the fact that the court referred to the action it was taking as a modification, we conclude that the court had not originally intended the condition to apply to appellant’s own children. The modification was, accordingly, an enhancement, because it was more restrictive than the original condition, and thus violates the prohibition against double jeopardy. Waldon and Lippman. Appellant’s community control should not, accordingly, have been revoked because he was alone with his own children. Reversed.
GUNTHER and FARMER, JJ., concur.