GUNTHER, J.
Jeffrey Perito, appellant, appeals the revocation of his community control. Because the affidavit of violation alleges the violation of a condition not specified in the order of community control, we reverse.
Appellant, and his co-defendant Paul Hau-ser (“Hauser”) pled guilty to organized fraud and were ordered to pay restitution in lieu of a mandatory jail sentence. The judgment and restitution order provided that appellant and Hauser were jointly and severally liable to pay $370,013 as follows: (1) $100,000 at the time of sentencing; (2) $50,000 at the end of the first year; and (3) the remainder in equal monthly installments over the remainder of community control and probation. Appellant’s order of community control provided,
*1032 (k)(15) Other: Restitution to be paid, first $100,000 paid at sentencing; $50,000 within one year of sentencing. Balance in equal monthly installments.
In addition, the order of community control provided that appellant was jointly and severally liable for the restitution.
At the end of the first year of community control, appellant did not make any payments towards restitution. An affidavit of violation was filed and a warrant was issued for appellant’s arrest. The affidavit of violation provided,
Violation of Special Condition (k.15), Order of Community Control, by failing to make restitution in the amount of $25,000 at the rate of $2083.33 per month, in that, in Broward County, Florida, he has failed to pay $2083.33 per month toward restitution and is currently $25,000 in arrears with said payments.
During the revocation hearing, the appellant did not object to the sufficiency of the affidavit of violation. Following the hearing, the appellant’s community control was revoked and he was sentenced to 5% years in prison.
Although the appellant did not object to the sufficiency of the affidavit of violation, this does not prevent review on appeal. The failure to charge a violation of community control can reasonably be analogized to a failure to charge a crime, which is fundamental error. See Waldon v. State, 670 So.2d 1155, 1158 (Fla. 4th DCA 1996). Therefore, even though this issue was not raised below, we can address it for the first time on appeal.
On the merits, we agree with appellant’s contention that the trial court erred in revoking his community control because he was never instructed to pay $25,000 in monthly payments of $2,083.33. As such, the affidavit of violation does not allege a violation of appellant’s order of community control, and thus the revocation of appellant’s community control must be reversed.
REVERSED AND REMANDED.
FARMER and TAYLOR, JJ., concur.