749 So.2d 570 (2000)
Benjamin FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-194.
District Court of Appeal of Florida, Fifth District.
January 21, 2000.
James B. Gibson, Public Defender, and Stephanie H. Park, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Ford appeals from his convictions and sentences for trafficking in over 28 grams of cocaine, without a weapon,[1] possession of cocaine with intent to sell[2] and possession of a firearm by a convicted felon.[3] He was sentenced to 8 years in prison on each *571 count, to run concurrently. We affirm in part, but reverse the possession conviction and sentence on double jeopardy grounds. U.S. Const. Amend. V; Fla. Const. Art. I, § 9.
In this case, it was established that Ford was convicted of trafficking in cocaine and possession of cocaine with intent to sell for the same amount of contraband, in a single episode. To convict him of both offenses violates Ford's double jeopardy rights. Johnson v. State, 712 So.2d 380 (Fla.1998). Nor do we think Ford waived the double jeopardy issue in this case by his attorney's failure to object to instructions[4] or move to dismiss the possession count.
It has been repeatedly held that double jeopardy rights are fundamental in nature and are not waived, absent a knowing waiver. See State v. Johnson, 483 So.2d 420, 422 (Fla.1986); Rivera v. State, 745 So.2d 343 (Fla. 4th DCA 1999); Austin v. State, 699 So.2d 314 (Fla. 1st DCA 1997); Waldon v. State, 670 So.2d 1155 (Fla. 4th DCA 1996). As such it can be raised at any time, including for the first time on appeal. Id. In this case there was no affirmative or knowing waiver.
Accordingly, we affirm in all regards except for the conviction and sentence for possession, which we vacate.
AFFIRMED in part; REVERSED in part.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] §§ 893.135(1)(b)(1)(a); 893.03(2)(a)(4); 775.087(1), Fla. Stat.
[2] §§ 893.13(1)(a)(1), 893.03(2)(a)(4), Fla. Stat.
[3] § 790.23, Fla. Stat.
[4] Waiver of double jeopardy rights will not be implied from mere silence or a failure to object. Johnson v. State, 460 So.2d 954, 957 (Fla. 5th DCA 1984), approved, 483 So.2d 420 (Fla.1986).