W. SHARP, J.
Joseph Fugina appeals from a final judgment of dissolution of marriage, challenging the trial court’s valuation and distribution of marital assets. Although Cynthia Fugina was awarded a greater share of the parties’ assets, she was required to execute a promissory note in favor of Joseph, secured by a mortgage, to equalize the distribution. We find no abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
However, we do agree that the trial court erred in valuing the parties’ business (a consignment shop) at $4,000. Joseph claimed that the business was worth between $50,000 to $70,00 but the court was not required to accept that value. See Moon v. Moon, 594 So.2d 819 (Fla. 1st DCA 1992)(trial court’s function is to determine the value of marital assets and is not bound to choose one value advanced by the parties). According to Cynthia, the business’ only value is its inventory, which she valued at about $9,000.
The trial court determined that the value of the consignment shop is its inventory but assessed that value at $4,000. The lowest value for the business inventory is $9,000, as testified to by Cynthia. Thus, we remand with instructions to add $2,500 to the note Cynthia was required to give Joseph to equalize the distribution.
AFFIRMED and REMANDED with instructions.
PETERSON and GRIFFIN, JJ., concur.