856 So.2d 1113 (2003)
Gary GERBER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3541.
District Court of Appeal of Florida, Fourth District.
October 22, 2003.
*1114 Cindy E. D'Agostino and Barbara J. Scheffer, Palm Beach Gardens, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
This appeal questions the propriety of a trial court modifying the terms of probation nine years after the sentence was imposed, in the absence of any allegation the appellant violated probation. For the reasons stated, we reverse.
In January of 1993, Gary Gerber ("Gerber") pled guilty to two counts of lewd assault. As a result of the plea, Gerber was sentenced to fifteen years of probation. The terms of the probation included, inter alia, that Gerber have no contact with children under eighteen unless supervised by an adult having knowledge of the charges, that he not leave the county without the consent of the probation officer, and that he allow the probation officer to visit his home and his employment. The order also provided that the probation officer not contact employer.
In July of 2002, Gerber filed a motion to modify the terms of his probation. In the motion Gerber alleged that he had requested numerous travel permits over the years and has never had to produce a written contract in order to be permitted to travel. Gerber also alleged that he now owns his own business and his work is based on verbal agreements. Gerber complained that, after being assigned a new probation officer, he was told he would have to produce a written contract with the person he was doing business with in order to receive a travel permit, or probation would have to contact the individual. Gerber requested that his probation be modified so that he may travel freely for both business and pleasure purposes with the only requirement being that he inform probation of his intended destination and the estimated duration of his stay.
After conducting a hearing, the trial court entered an order modifying the terms of Gerber's probation. The court reasoned that had the court originally been aware that Gerber was entering the homes of clients, or that he was contemplating becoming self-employed, the court would have imposed either a prohibition against entering the homes or a requirement that the employer or client be notified of Gerber's sexual offender status. On this basis, the court clarified that the modification that Gerber "not visit any home or an employer/client for any purpose, business, social, or otherwise, without being accompanied by his wife or some other adult fully aware of this case and of Defendant's status as a Registered Sexual Offender," was a modification of the existing condition that his employer not be notified of the case or Gerber's status.
Ultimately the court ordered that Gerber was permitted to continue to work as an independent contractor without his clients being told of his case or his status. In addition, the court ruled that Gerber may not visit any home or an employer/client for any purpose, business, social, or otherwise, without being accompanied by his wife or some other adult fully aware of this case and of Defendant's status as a *1115 Registered Sexual Offender. Last, the court ordered that the department of corrections could not deny his request for out-of-county travel for lack of a signed contract.
On appeal Gerber claims the trial court's modification of his probation was unconstitutional and violated the prohibition against double jeopardy. We agree.
The Florida Supreme Court has unequivocally held that "the double jeopardy protection against multiple punishments includes the protection against enhancements or extensions of the conditions of probation." Lippman v. State, 633 So.2d 1061, 1064 (Fla.1994)(citing Williams v. State, 578 So.2d 846 (Fla. 4th DCA 1991)).
Before probation may be enhanced, a violation of probation must be formally charged and the probationer must be brought before the court and advised of the charge. Without proof of a violation, the court cannot change an order of probation by enhancing the terms. Id. at 1064.
In holding that the trial court committed reversible error by enhancing the terms of Lippman's probation, the court in that case clarified its justification as follows:
even though the district court characterized the trial judge's order as a supervisory order entered for the protection of the victim and the victim's siblings rather than a sanction, the motivation for adding these conditions does not change their punitive effect. These "protective" measures required Lippman to leave his employment, move from his residence, and have absolutely no contact with his siblings. The trial judge even acknowledged that the new conditions would be an additional hardship. While such conditions could have been included in the initial probationary order had circumstances required, there is no question that the added conditions are more restrictive than those imposed by the initial order.
Id. at 1063-64.
"The test, according to Lippman, as to whether a modification is really an enhancement, turns on whether the change is more restrictive than the original condition." Waldon v. State, 670 So.2d 1155 (Fla. 4th DCA 1996). In Waldon, this court found that an added condition was an impermissible enhancement when the added condition allowed the probation officer to require in-patient alcoholism treatment throughout the entire term of probation and the original requirement was that the offender undergo a substance abuse evaluation at the beginning of probation and follow any treatment then recommended by the evaluator. Id.
In the case at bar, the court added the following condition to Gerber's probation: Gerber may not visit any home or an employer/client for any purpose, business, social, or otherwise, without being accompanied by his wife or some other adult fully aware of this case and of Defendant's status as a Registered Sexual Offender. The final order of modification calls this addition a modification, rather than an enhancement.
As the court plainly held in Lippman, the trial court's decision to couch the order in terms of a modification, rather than as an enhancement, has no bearing on the true nature of the adjustment in the terms of a probation order. The terms of the original probation order included a provision that Gerber have no contact with children under eighteen unless supervised by an adult having knowledge of the charges and disposition. However, there were no limitations on his ability to visit the home of employers/clients. Although, upon consideration of Gerber's motion for modification, the trial court speculated what may *1116 have been different had the court been more aware of Gerber's employment situation, there is no record to support that speculation. Regardless, the terms added to the probation are clearly more restrictive than those in the original probation order. As a result, the trial court impermissibly enhanced the terms of Gerber's probation and that order is hereby reversed.
REVERSED.
STEVENSON and SHAHOOD, JJ., concur.