PLEUS, J.
The former wife appeals a final judgment of dissolution of marriage. We decline to address any of the former wife’s arguments except for one. It is apparent on the face of the final judgment that the lower court made the following mathematical errors in distributing the marital assets and liabilities: (1) awarding the former wife $1,940.59 (Tricare reimbursement) and $450 (personal property sold by the wife after separation) without including these assets in the total amount of marital assets; and (2) making the wife responsible for the $4,500 in marital debt without subtracting that amount from the total amount of marital assets. These errors resulted in distributions of $39,774.50 to the former husband and $33,330.09 to the former wife. To equalize these amounts, $3,222.20 would need to be subtracted from the former husband’s distribution and added to the former wife’s distribution.
Section 61.075(1) states in pertinent part that “the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors.” It goes on to describe the factors to consider. In the instant case, the trial court utilized this statute to justify what it thought was a greater award to the former wife. In reality, the wife received *640 less. We therefore reverse that portion of the. final judgment and remand with directions to either equalize the distributions or justify the unequal distribution. Fugina v. Fugina, 749 So.2d 570 (Fla. 5th DCA 2000).
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
MONACO and TORPY, JJ., concur.