PER CURIAM.
Gary S. Fonseca appeals his convictions for trafficking in amphetamine, conspiracy to commit trafficking in amphetamine, and manufacture of methamphetamine. On appeal, Fonseca contends that (1) his trafficking in amphetamine and manufacture of methamphetamine convictions are barred by double jeopardy, (2) the trial court erred in denying his motion for judgment of acquittal regarding the conspiracy charge as there was no evidence of a conspiracy to manufacture a trafficking amount of amphetamine, and (3) section 893.13, Florida Statutes, as amended by section 893.101, Florida Statutes, is facially unconstitutional based on Shelton v. Secretary, Department of Corrections, 802 F.Supp.2d 1289 (M.D.Fla.2011).
We agree that Fonseca’s convictions of both trafficking in amphetamine and manufacturing of methamphetamine violate double jeopardy and vacate the conviction and sentence for manufacture of methamphetamine. See Stacey v. State, 83 So.3d 749 (Fla. 5th DCA 2011). We affirm Fonseca’s conspiracy conviction as it is founded on competent, substantial evidence. See State v. Odom, 56 So.3d 46 (Fla. 5th DCA 2011). Finally, we reject Fonseca’s challenge to the constitutionality of sections 893.13 and 893.101. See State v. Adkins, 37 Fla. L. Weekly S449 (Fla. 2012), corrected opinion, 37 Fla. L. Weekly S528 (Fla.2012).
AFFIRMED in part and VACATED in part.
ORFINGER, C.J., EVANDER and COHEN, JJ., concur.