ALTENBERND, Judge.
Ramanand J. Dukharan appeals two orders disposing of four postconviction motions. We affirm the rulings as to three of the motions and remand for a hearing on the fourth motion.
In 2005 and 2006, Mr. Dukharan had sexual relations with a fifteen-year-old girl. He was over twenty-one years of age at the time. As a result of this sexual activity, he was charged with and convicted of two counts of lewd and lascivious battery in 2009. He received sentences of two years’ incarceration followed by ten years’ sex offender probation.
In his various motions and accompanying affidavits, Mr. Dukharan explains that his relations with the young woman resulted in the birth .of a child. He wants to care for the child and raise the child in a normal family setting. The young woman, who is legally his victim, is now an adult. She wants to reside with him and raise the child in a family setting. The defendant’s mother lives with him and is supportive of his plan for a multigenerational family in their home. But the conditions of Mr. Dukharan’s probation treat the woman as a victim and require that he have no contact with her or the child.
In case number 2D10-5602, Mr. Dukharan appeals an order denying his motion filed under section 943.04354, Florida Statutes (2010), for removal of the requirement that he register as a sexual offender. He was entitled to seek removal at this time because his offense occurred prior to July 1, 2007. See § 943.04354(3)(a)(l); cf. Clark v. State, 95 So.3d 986 (Fla. 2d DCA 2012). Nevertheless, he is considerably more than four years older than the young woman and, thus, is statutorily ineligible for this relief. See § 943.04354(1)(c); State v. Welch, 94 So.3d 631 (Fla. 2d DCA 2012).
In case number 2D11-3487, Mr. Dukharan appeals an order that first denies his motion to correct an illegal sentence. Simply stated, his sentences are not illegal. He next challenges the part of the order denying his motion to clarify sentence. The motion claims that he was not served with a copy of his order of probation until well after the sentencing hearing, but it does not allege anything in the order of probation that actually needs to be “clarified.”
Finally, he challenges the denial of his motion to rescind or modify the conditions of his probation. In this motion, he seeks modification of the conditions of probation to permit him to live as a family with the young woman and their child. The trial court treated the motion as one filed under Florida Rule of Criminal Procedure 3.800(a) or 3.800(c) and denied it without a hearing.
This motion, however, is actually a standard motion to modify conditions of probation, which the trial court is authorized to consider under section 948.03(2), Florida Statutes (2010). Cf. Stuart v. State, 988 So.2d 1287 (Fla. 2d DCA 2008) (reviewing a similar circumstance by certiorari). Mr. Dukharan has filed a facially sufficient motion to modify the conditions of his probation. The trial court erred by denying the motion without conducting a hearing and providing both Mr. Dukharan and the young woman, who is the victim, an opportunity to present their arguments for modification of the conditions of Mr. Dukhar-an’s probation.
Affirmed in part, reversed in part, and remanded.
KHOUZAM and MORRIS, JJ., Concur.