EYANDER, J.
Derrick Odom was charged by second amended information with, inter alia, manufacture of methamphetamine[1] and trafficking in methamphetamine and/or pseu-doephedrine.[2] The jury found him guilty of the lesser included offense of attempted manufacture of methamphetamine and guilty of trafficking in more than 28 grams but less than 200 grams. Subsequent to the jury verdict, the trial court granted a motion for judgment of acquittal on the trafficking count. This court reversed the order granting Odom’s motion for judgment of acquittal, concluding that the State had presented sufficient evidence to support the jury verdict. State v. Odom, 56 So.3d 46 (Fla. 5th DCA 2011). Pursuant to our remand instructions, the trial court reinstated the jury verdict and sentenced Odom on the trafficking charge.
On appeal, Odom raises several issues of which only one has merit. He correctly argues that his dual convictions for attempted manufacture of methamphetamine and trafficking in methamphetamine and/or pseudoephedrine violate double jeopardy. See, e.g., Fonseca v. State, — So.3d-(Fla. 5th DCA 2012) (“We agree that Fonseca’s convictions of both trafficking in amphetamine and manufacturing of methamphetamine violate double jeopardy and vacate the conviction and sentence of manufacture of methamphetamine.”); Stacey v. State, 83 So.3d 749 (Fla. 5th DCA 2011).
Accordingly we direct the trial court to vacate Odom’s conviction for attempted manufacture of methamphetamine. See Capron v. State, 948 So.2d 954, 961 (Fla. 5th DCA 2007) (when multiple convictions violate double jeopardy, proper remedy is to vacate conviction for lesser offense while affirming conviction for greater one).
AFFIRMED, in part; REVERSED, in part; REMANDED.
LAWSON and COHEN, JJ„ concur.

. §§ 893.13(l)(a), 893.03(2)(c)4, Fla. Stat. (amended eff. July 1, 2008).

. §§ 893.135(l)(f), 893.03(2)(c)4, Fla. Stat. (amended eff. July 1, 2008).