PER CURIAM.
The defendant in this case pled guilty to the charges of cultivation of cannabis (Count I) and trafficking in cannabis over twenty-five pounds (Count II). He was adjudicated guilty and sentenced to sixty months in prison on each count, the sentences to run concurrently. The defendant appeals his conviction on the cultivation charge and his sentence, arguing that being convicted under both counts violates double jeopardy. We agree with the defendant that his dual convictions violate double jeopardy, and we therefore reverse on the cultivation charge and remand for resentencing for the reasons stated below.
Although the defendant never raised the double jeopardy argument in the circuit court, the defendant correctly states that the issue can be raised as fundamental error on direct appeal. See Novaton v. State, 634 So.2d 607, 609 (Fla.1994) (noting an exception to the waiver of a later double jeopardy attack -with a guilty plea and subsequent adjudication of guilt). We review this purely legal issue de novo. Binns v. State, 979 So.2d 439, 441 (Fla. 4th DCA 2008) (citing State v. Florida, 894 So.2d 941, 945 (Fla.2005)).
In following the Florida Supreme Court’s double jeopardy analysis in Johnson v. State, 712 So.2d 380, 381 (Fla.1998), this court, as well as the Fifth District, has held that dual convictions for sale or delivery or manufacture[1] of a controlled sub *692 stance and the trafficking of that controlled substance in the same quantity and under the same conduct violate double jeopardy. See Latos v. State, 39 So.3d 511, 513-14 (Fla. 4th DCA 2010); Fonseca v. State, 114 So.3d 1010 (Fla. 5th DCA 2012); Odom v. State, 104 So.3d 1238, 1239 (Fla. 5th DCA 2012). In the present case, as in Latos, the trafficking conduct was the same conduct constituting the lesser offense, rendering the defendant’s conviction under both counts violative of double jeopardy. The State does not argue that the cultivation count is for cannabis distinct from the cannabis involved in the trafficking count, but even if it did, such an argument has been rejected by this court. See Sims v. State, 793 So.2d 1153, 1154 (Fla. 4th DCA 2001) (holding that convictions for possession with intent to sell cannabis and simple possession of cannabis could not be grounded on cannabis being found in different places in the house).
Therefore, we reverse the defendant’s conviction and sentence for cultivation of cannabis (Count I), and remand for the circuit court to vacate that conviction and sentence and to resentence the defendant based on the trafficking count (Count II) alone.

Reversed and Remanded.

GROSS, MAY and FORST, JJ., concur.

. "Manufacture” is defined, in relevant part, as "the production, preparation, compounding, cultivating, growing, conversion, or processing of a controlled substance *692 ...."§ 893.02(14)(a), Fla. Stat. (2010) (emphasis added).