LaROSE, Judge.
Eduardo Perez-Riva appeals an order summarily denying his rule 3.850 motion for postconviction relief. Mr. Perez-Riva is serving a 76.4-month prison sentence after a jury convicted him of various drug-related offenses. We affirmed his judgments and sentences on direct appeal. Perez-Riva v. State, 98 So.3d 577 (Fla. 2d DCA 2012) (table decision).
The postconviction court erred in denying Mr. Perez-Riva’s ineffective assistance of counsel claims as to counsel’s failure to challenge the validity of a search warrant and to move to suppress evidence. We also find error in the postconviction court’s denial of Mr. Perez-Riva’s claim that trial counsel was ineffective for not objecting, on double jeopardy grounds,- to the convictions for manufacturing and trafficking in cannabis. We reverse and remand to the postconviction court for further proceedings as to those three claims. We affirm as to all remaining claims.

Background

Confidential informant # 10-053, whose reliability is not disclosed in our record, informed police that he saw marijuana plants growing in Mr. Perez-Riva’s garage. The informant also told police that he approached six or seven people at Mr. Perez-Riva’s house and saw marijuana bits on their clothing. Based on this information, Detective Van Houten, Detective Ar-mate, and Deputy Monamy went to Mr. Perez-Riva’s house and approached the front door with a drug-sniffing dog. When no one answered their knocks, they walked around the outside of the house with the dog. The dog purportedly alerted to drugs at the garage door, at the garbage can area, and at the rear of a van parked in the driveway. The officers also noticed nails through the garage door from the outside in, an allegedly common method of reinforcing doors to cultivate marijuana.
Mr. Perez-Riva and another male then arrived at the house in a Camry. The detectives ordered them out of the car and removed the keys from the ignition. The deputy asked for permission to search the house; Mr. Perez-Riva refused. The deputy brought the drug-sniffing dog to the Camry, where the dog alerted. Police searched the Camry, finding a book about growing marijuana, electrical switches, and a marijuana bud. They did not search the van.
A detective tried Mr. Perez-Riva’s keys in the front door and unlocked it. Without going inside, the detective relocked the door. He later prepared a search warrant affidavit, and a magistrate issued a warrant. The officers found marijuana plants inside the house, which Mr. Perez-Riva admitted was his residence.

Invalid Warrant and Motion to Suppress

Mr. Perez-Riva argues that his trial counsel was ineffective for failing to move to suppress evidence. He also argues that his counsel was ineffective for failing to challenge the validity of the search warrant. These two issues are intertwined because an invalid warrant would support *101 suppression of the evidence found during the search of the house.
Mr. Perez-Riva contends that the trial court would have granted a motion to suppress because the officers lacked probable cause to search around his residence with a drug-sniffing dog. He also argues that the officers illegally detained him after the dog alerted at his Camry.
In Jardines v. State, the Supreme Court of Florida held that a “sniff test” at the front porch of a home constituted a search requiring probable cause to proceed. 73 So.3d 34, 49, 54 (Fla.2011) (quashing decision in State v. Jardines, 9 So.3d 1 (Fla. 3d DCA 2008), and approving the result in State v. Rabb, 920 So.2d 1175 (Fla. 4th DCA 2006)), affirmed, — U.S. -, 133 S.Ct. 1409, 185 L.Ed.2d 495 (2013). The court held that the trial court properly excluded the results of the “sniff test” to support a finding of probable cause for a search warrant. Id. at 55. According to the supreme court, the trial court then correctly considered, “absent the dog sniff information, whether any independent and lawfully obtained evidence establish[ed] a substantial basis for concluding that probable cause existed” to issue the warrant. Id. at 54. The supreme court held that the trial court properly granted the motion to suppress after finding that the remaining evidence — an unverified tip, closed window blinds, and a “constantly running air conditioner” — was insufficient to support probable cause. Id. at 55.
The U.S. Supreme Court affirmed, explaining that the curtilage of the home— the area “immediately surrounding and associated with the home” — is “part of the home itself for Fourth Amendment purposes.” 133 S.Ct. at 1414. A police officer without a warrant may, as a private citizen might, “approach the home by the front path, knock promptly, wait briefly to be received, and then (absent invitation to linger longer) leave.... But introducing a trained police dog to explore the area around the home in hopes of discovering incriminating evidence is something else.” Id. at 1415-16. “That the officers learned what they learned only by physically intruding on Jardines’ property to gather evidence is enough to establish that a search occurred.” Id. at 1417.
To find a visitor knocking on the door is routine (even if sometimes unwelcome); to spot that same visitor exploring the front path with a metal detector, or marching his bloodhound into the garden before saying hello and asking permission, would inspire most of us to— well, call the police.
Id. at 1416.
In Rabb, the Fourth District held that a dog sniff at the outside of a residence based only on an anonymous tip violated the Fourth Amendment; evidence resulting from the illegal search could not be used to establish probable cause for a warrant. 920 So.2d at 1187-88. The Fourth District then analyzed whether the probable-cause affidavit, without the dog-sniff evidence, contained sufficient “independent and lawfully obtained evidence that established probable cause.” Id. at 1188. That other evidence was an anonymous tip, cannabis, cultivation books, and a cultivation video found during a valid traffic stop. See id. Not enough.
The tip was unverified because it came from an unknown individual rather than a qualified confidential informant. Nor was it corroborated in the probable cause affidavit by any evidence resulting from surveillance of the house. There was no indicium of the cultivation of marijuana within, such as covered windows, high pedestrian traffic, or higher than normal use of electricity.
Id. at 1187.
Here, the tip was not anonymous; it came from Cl # 10-053. However, the *102 affidavit tells us nothing about the Cl’s reliability. See Fellows v. State, 612 So.2d 686, 687 (Fla. 2d DCA 1998) (“[A]n affidavit must set forth facts from which the magistrate could find the. affiant had personal knowledge of the confidential informant’s reliability or facts which corroborate the reliability of the confidential information from an independent source.”); Smith v. State, 637 So.2d 351, 352 (Fla. 1st DCA 1994) (same). The relevant part of the affidavit states only, “I was informed by Confidential Informant (Cl) # 10-053 of the following facts.” The Cl’s tip alone was insufficient to provide probable cause for the warrant. The reinforced garage door was not independent evidence because the deputy noticed the nails only during the illegal use of the drug-sniffing dog.

Deficient Performance

Trial counsel’s failure to challenge the warrant and move to suppress appear to constitute deficient performance. See Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Fourth District’s Rabb opinion issued in 2006. The Third District’s opinion in Jardines, certifying conflict with Rabb, issued in 2008. The supreme court granted review in 2009. Jardines v. State, 3 So.3d 1246 (Fla.2009) (table decision). Its decision in Jardines issued April 14, 2011, just seven days after Mr. Perez-Riva’s April 7, 2011, judgment and sentence. Jardines, 73 So.3d at 34. Mr. Perez-Riva’s counsel should have been aware of the dog-sniff issue at the time of the February 2011 trial. Our record discloses no obvious reason for counsel’s inaction.

Prejudice

Strickland’s prejudice prong appears satisfied because there is a reasonable probability of a different result had Mr. Perez-Riva’s counsel proceeded differently. See Strickland, 466 U.S. at 694, 104 S.Ct. 2052 (“A reasonable probability is a probability sufficient to undermine confidence in the outcome.”). A supreme court decision “announcing a new rule of law ... must be given retrospective application by the courts of this state in every case pending on direct review or not yet final.” Smith v. State, 598 So.2d 1063, 1066 (Fla.1992). Mr. Perez-Riva’s case was not final until our appellate mandate issued on October 23, 2012. Thus, his case was not yet final when our supreme court announced the new rule of law on April 14, 2011.
“To benefit from the change in law, the defendant must have timely objected at trial if an objection was required to preserve the issue for appellate review.” Id. Had trial counsel raised these issues with the trial court and brought to its attention Rabb, Jardines, and the supreme court’s acceptance of conflict jurisdiction, the trial court might have suppressed the evidence, following Rabb’s rationale.[1] Alternatively, the trial court could have followed Jardines and denied the motion to suppress. In that case, trial counsel could have filed a motion for a new trial based on Jardines because it issued within the ten-day period for a new trial motion. See Fla. R. Crim. P. 3.590(a), 3.600(a)(2) (“The verdict is contrary to law....”); 3.600(b)(6) (“The court erred in the decision of any matter of law arising during the course of the trial.”). In either case, *103 the probability of a different result is sufficient to undermine confidence in the outcome.
Accordingly, the postconviction court erred in summarily denying the motion on these two claims. On remand, the post-conviction court should attach portions of the record refuting the claims or hold an evidentiary hearing.

Double Jeopardy

Mr. Perez-Riva also argues that the postconviction court erred in denying his sixth claim, alleging that his trial counsel was ineffective for failing to object on double jeopardy grounds to his convictions and sentences for both cultivating (manufacturing) cannabis and trafficking of the same cannabis.[2] See §§ 893.13(l)(a)(2), .135(l)(a), Fla. Stat. (2010). The postcon-viction court concluded that cultivation and trafficking each required an element that the other did not: cultivation required manufacturing, which trafficking did not require, and trafficking required possession of twenty-five pounds or more of cannabis, which cultivation did not require.
On appeal, the State concedes error. We agree. See, e.g., Odom v. State, 104 So.3d 1238 (Fla. 5th DCA 2012) (holding dual convictions of attempted manufacture of methamphetamine and trafficking violated double jeopardy); Fonseca v. State, 114 So.3d 1010 (Fla. 5th DCA 2012) (holding convictions for both manufacturing and trafficking same drugs violated double jeopardy); Stacey v. State, 83 So.3d 749 (Fla. 5th DCA 2011) (holding convictions for manufacture of methamphetamine and possession of methamphetamine violated double jeopardy) (manufacture includes possession, possession has no separate element)).
Section 893.13, the basis for Mr. Perez-Riva’s cultivation/manufacture charge, provides, in pertinent part, as follows:
(l)(a) Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to ... (2)[A] controlled substance named or described in s. 893.03(l)(c) [cannabis] ... commits a felony of the third degree....
Section 893.135, the basis for the trafficking charge, provides, in pertinent part, as follows:
(1) Except as authorized in this chapter or in chapter 499 and notwithstanding the provisions of s. 893.13:
(a) Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, in excess of 25 pounds of cannabis, ... commits a felony of the first degree, which felony shall be known as “trafficking in cannabis”....
(Emphasis added.)
 Because the trafficking statute is an alternative conduct statute, a double jeopardy analysis “breaks the conduct ele- *104 merits into the specific alternative conduct which is in the other statute being compared.” Gibbs v. State, 698 So.2d 1206, 1209 (Fla.1997). “[T]he court must focus on the particular component of the statute that is in issue” and the court need not consider in double jeopardy analysis any “alternative conduct” that also could prove trafficking. Johnson v. State, 712 So.2d 380, 381 (Fla.1998). The conduct element of the trafficking statute is not compared by considering the entire range of conduct that could constitute trafficking to the entire range of conduct that could constitute manufacture, but rather by comparing only trafficking manufacture with simple manufacture. Cf. Gibbs, 698 So.2d at 1209 (holding double jeopardy analysis of trafficking and possession both based on possession should have compared only trafficking possession and simple possession). Mr. Perez-Riva could not be convicted on both counts when the underlying conduct element, i.e., manufacture, was the same for both offenses. The quantity requirement of trafficking is not a separate element that allows dual prosecution. Gibbs, 698 So.2d at 1209. Therefore, we reverse the postconviction court’s ruling on this issue and remand for further proceedings as to Mr. Perez-Riva’s ineffective assistance of counsel claim.

Conclusion

We reverse and remand to the trial court for further proceedings as to claims one, two, and six. We affirm without further comment the denial of Mr. Perez-Riva’s remaining claims.
Affirmed in part, reversed in part, and remanded.
SILBERMAN and VILLANO!; JJ., Concur.

. The trial court could have followed either Rabb or Jardines because this court had not decided the issue. See Miller v. State, 980 So.2d 1092, 1094 (Fla. 2d DCA 2008) (holding that a single district court’s opinion is binding on all state trial courts and that ”[i]f there is unresolved conflict between the district courts, the trial court is bound by the precedent in its own appellate district”) (citing Pardo v. State, 596 So.2d 665, 666-67 (Fla.1992)).

. The State does not argue that the cultivation count is based on a separate quantity of cannabis from the cannabis in the trafficking count; even if it did, courts have rejected such an argument. See McGlorthon v. State, 908 So.2d 554, 556 (Fla. 2d DCA 2005) (holding that conviction of two counts of possession could not be based on separate quantities found in the same search); Fleurimond v. State, 10 So.3d 1140, 1149 (Fla. 3d DCA 2009) (‘‘[D]ual convictions for possession of the same type of drugs, found at the same time, even though found in different locations, ... constitutes a double jeopardy violation.”); Sims v. State, 793 So.2d 1153, 1154 (Fla. 4th DCA 2001) (holding that convictions for possession with intent to sell and simple possession could not be based on cannabis being found in different parts of the house in the same search); accord Gonzalez v. State, 123 So.3d 691, 692 (Fla. 4th DCA 2013).