IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

THOMAS M. PALMER,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Appellant,

v.

CASE NO. 1D14-2755

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 4, 2015.

An appeal from the Circuit Court for Bay County.
Michael D. Miller, Judge.

Nancy A. Daniels, Public Defender, and Maria Ines Suber, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

MARSTILLER, J.

      Thomas Palmer appeals his convictions and sentences for trafficking in methamphetamine and manufacturing a controlled substance (methamphetamine). He asserts the convictions violate double jeopardy principles because they are based on the same act. We find that not to be the case.

Palmer argues he's being punished twice for the act of manufacturing methamphetamine. The manufacture of controlled substances is a felony under section 893.13(1), Florida Statutes. And the trafficking statute, section 893.135(1)(f)1., Florida Statutes, provides that a person who "knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of" 14 grams or more of amphetamine or methamphetamine commits a felony and is subject to specified mandatory minimum prison terms for quantities exceeding 14 grams. Thus, one may commit the crime of trafficking in methamphetamine, *inter alia*, by manufacturing the drug in specified quantities.

Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932). "[I]f prosecution is for the same conduct under [two] statutes, a conviction under more than one of the statutes is a violation of double jeopardy principles." *Gibbs v. State*, 698 So. 2d 1206, 1210 (Fla. 1997). Had Palmer's trafficking conviction been based on the proscribed act of manufacturing methamphetamine, we agree double jeopardy principles would bar convictions for both trafficking and manufacturing. *See id.* at 1209-10 (holding a person may not be convicted and punished for both trafficking

2

possession of cocaine [based on possession of a specified amount of the drug] and simple possession of a controlled substance); *Melton v. State*, 73 So. 3d 296, 297 (Fla. 1st DCA 2011) (holding appellant could not be convicted for the sale, manufacture, delivery or possession with intent to sell, manufacture or deliver methamphetamine, and also convicted for trafficking in methamphetamine, "when the underlying conduct, i.e., possession, was the same for both offenses"); *Howard v. State*, 916 So. 2d 824, 824-25 (Fla. 2d DCA 2005) (holding double jeopardy principles prohibited punishing appellant for possession of methamphetamine and trafficking where "the trafficking offense [was] based on possession," and thus "the conduct element is the same for both [offenses]"); *Ford v. State*, 749 So. 2d 570, 571 (Fla. 5th DCA 2000) (holding convictions for trafficking in cocaine and possession of cocaine with intent to sell for the same amount of the drug in the same episode violated appellant's double jeopardy rights).

But the record reflects that Palmer was convicted of trafficking based on "actual or constructive possession" of more than 28 grams of methamphetamine, and not for manufacturing the substance. The trafficking statute is an "alternative conduct statute," requiring a double jeopardy analysis that "breaks the conduct elements into the specific alternative conduct which is in the other statute being compared." *Johnson v. State*, 712 So. 2d 380, 381 (Fla. 1998) (quoting *Gibbs*, 698 So. 2d at 1209). Accordingly, we "'must focus on the particular component of the

3

statute that is in issue' and the court need not consider in double jeopardy analysis any 'alternative conduct' that also could prove trafficking." *Perez-Riva v. State*, 152 So. 3d 98, 104 (Fla. 2d DCA 2014) (citing *Johnson*, 712 So. 2d at 381). Thus, the question boils down to whether possession and manufacturing are the same conduct for double jeopardy purposes. We've previously said they are not. In a somewhat similar case, we held there was no double jeopardy violation where the defendants were convicted and sentenced for both manufacture of cannabis and possession of the same cannabis, because "the crime of 'manufacture' does not require proof of possession." *Anderson v. State*, 447 So. 2d 236, 239-40 (Fla. 1st DCA 1983) (on reh'g). We conclude similarly in this case, finding no legally-relevant distinction between Palmer's convictions and those in *Anderson*. There is no double jeopardy bar to convictions for both trafficking in methamphetamine and manufacturing methamphetamine where the conduct underlying the trafficking conviction is possession.[*]

AFFIRMED.

_____

[*] We acknowledge other appellate decisions holding differently. *See Odom v. State*, 104 So. 3d 1238 (Fla. 5th DCA 2012); *Fonseca v. State*, 114 So. 3d 1010 (Fla. 5th DCA 2012). However, those decisions do not indicate whether the trafficking charges were based on manufacturing or some other proscribed conduct. Therefore, we do not consider our decision in this case to be in conflict with them. *Cf. Perez-Riva*, 152 So. 3d at 104 (finding double jeopardy violation where defendant was convicted of both trafficking in cocaine and manufacturing cocaine, and the underlying conduct for both convictions was manufacture).

BILBREY, J., CONCURS.  THOMAS, J., CONCURS IN RESULT ONLY.