SASSO, J.
Kevin S. Osborne ("Petitioner") petitions this Court for a writ of certiorari to quash the trial court's order denying his motions to modify probation. We deny the petition.
In December 2016, Petitioner pled no contest to resisting a law enforcement officer without violence, felony fleeing, battery on a person 65 years of age or older, and child abuse without great bodily harm. Pursuant to a negotiated plea agreement, Petitioner was sentenced to three years' incarceration, followed by seven years of probation.
In October 2018, Petitioner filed two motions seeking to rescind or modify the conditions of his probation. Specifically, Petitioner sought to modify the conditions requiring that he live with his father and wear an ankle monitor. In a single order, the trial court summarily denied both motions. Relying on Stuart v. State , 988 So.2d 1287 (Fla. 2d DCA 2008), Petitioner argues that the trial court erred and departed from the essential requirements of the law in denying his motions without an evidentiary hearing.
Section 948.03(2), Florida Statutes (2018), provides that a trial court may rescind or modify the terms and conditions of probation at any time during the probationary period. While section 948.06, Florida Statutes (2018), requires notice and a hearing before a court may modify a probationary sentence with enhanced or additional terms, nothing in chapter 948 requires a court to hold an evidentiary hearing upon receipt of a motion seeking modification of previously imposed conditions. See , e.g. , Clark v. State , 579 So.2d 109, 110-11, 110 n.3 (Fla. 1991) (holding that trial court erred in enhancing terms *795 of probation without first conducting hearing, even though defendant agreed to modification, but distinguishing modification under section 948.06 from section 948.03 ); see also Gerber v. State , 856 So.2d 1113, 1115 (Fla. 4th DCA 2003) ("The test ... as to whether a modification is really an enhancement, turns on whether the change is more restrictive than the original condition." (quoting Waldon v. State , 670 So.2d 1155, 1159 (Fla. 4th DCA 1996) ) ).
Despite this, the Second District Court of Appeal held in Stuart and Dukharan v. State , 96 So.3d 454 (Fla. 2d DCA 2012), that a trial court erred by denying a motion to modify conditions of probation without conducting an evidentiary hearing. The Dukharan court appeared to rely on the Stuart decision. See Dukharan , 96 So.3d at 454. However, the Stuart court did not explain its basis for requiring an evidentiary hearing under the unique factual circumstances of that case, which involved ex parte communications between the court and the state attorney's office. Stuart , 988 So.2d at 1288. Those circumstances are distinguishable from the facts presented here.
In this case, Petitioner's motions did not seek enhanced probationary terms; rather, the motions sought rescission and modification of his existing probationary conditions. Thus, the notice and hearing requirements of section 948.06 are not applicable. Because section 948.03(2) does not contain similar requirements, the court properly considered Petitioner's motions without a hearing. See Cont'l Heritage Ins. Co. v. State , 981 So.2d 583, 585 (Fla. 1st DCA 2008) (noting that courts should not read additional requirements into statute). Accordingly, Petitioner has failed to establish that the trial court departed from the essential requirements of the law.
PETITION FOR WRIT DENIED.
COHEN and GROSSHANS, JJ., concur.